[Civ. No. 3708.   Fourth Dist.   Feb. 18, 1949.]

T. J. YOUNG et al., Respondents, v. THE STATE BOARD OF EQUALIZATION et al., Appellants.

Fred N. Howser, Attorney General, and Bayard Rhone, Deputy Attorney General, for Appellants.

Maddox & Abercrombie for Respondents.

MUSSELL, J.—This is an appeal from a judgment of the Superior Court of Tulare County issuing a peremptory writ of mandate ordering the State Board of Equalization to set aside its disciplinary order whereby the liquor licenses held by petitioners were to have been suspended for a period of 30 days.

Petitioners are the owners and operators of a restaurant and café in Porterville and are holders of on-sale and off-sale liquor licenses. On October 14, 1946, an accusation was filed

with the Board of Equalization charging petitioners with violation of section 61(a) of the Alcoholic Beverage Control Act (Stats. 1935, p. 1123, as amended; 2 Deering's Gen. Laws, Act 3796) in that one M. N. Seahorn, an employee, sold whisky to one Joe Taylor, a minor.

The admitted facts are that at about 11:30 p. m., on July 27, 1946, Joe Taylor, 17 years of age, entered petitioners' café and purchased one-half pint of whiskey from M. N. Seahorn, the clerk in charge. Seahorn asked Taylor to show his identification as to his age and Taylor exhibited a registration card issued in the name of Glenn Tucker. The testimony was that the clerk looked the card over on both sides and requested Taylor to sign a piece of paper. The card was on the counter and Taylor copied the signature of Glenn Tucker. The clerk then compared the signatures, thought it was a fair resemblance and made the sale.

Taylor testified that he had erased the *6* in the figures *1946* and had put in a *2* in the place of the *6* so that the card, when presented, would appear to have been issued on February 23, 1942 instead of 1946, thus indicating the holder was over 21 years of age; that he was a friend of Glenn Tucker and had found the registration card two or three weeks before presenting it to Seahorn. A clerk in the office of the Selective Service Board testified that their file showed that a duplicate card was prepared for Tucker in March, 1946, supposedly because the original had been lost. Mrs. Tucker testified that her son Glenn was then in El Centro and that she had learned that he had lost his selective service card and had secured a duplicate.

The decision of the Board of Equalization was that petitioners violated section 61(a) of the Alcoholic Beverage Control Act and that a defense was not established under section 61.2(b) of the act.

The sole question in this proceeding is whether or not the evidence at the hearing was legally sufficient to sustain the finding and determination made by the Board of Equalization.

Section 61.2(b) of the Alcoholic Beverage Control Act provides as follows:

"In any criminal prosecution, or any proceeding for the suspension or revocation of any license issued under this act and based upon violation of Section 61, proof that the de-

fendant licensee or his agent or employee demanded and was shown, before furnishing any alcoholic beverage to a minor, a motor vehicle operator's license or a registration certificate issued under the Federal Selective Service Act or other bona fide documentary evidence of majority and identity of such person, shall be a defense to such prosecution or proceeding for the suspension or revocation of any license.''

The contention of the Board of Equalization is shown by the following quotation from its decision:

''The respondents (petitioners herein) admitted the charge at the hearing, but claimed that the minor had exhibited a draft card to the employee which card showed that the minor was over the age of 21 years. The evidence did show that a draft card was exhibited at that time, but the evidence further showed that the card had in fact been issued to some person other than Taylor (the minor), and further, that the evidence of age of the holder of it, as indicated by a notation on it, had been altered. The document therefore did not amount to 'bona fide documentary evidence of majority and identity.' ''

As we read the section (61.2(b)) of the act, a defense was established when the clerk Seahorn demanded identification of Taylor and was shown the registration certificate. The wording of the section indicates that such a registration certificate is bona fide documentary evidence of majority and identity. The clerk, if he acted in good faith and without actual knowledge, gained from the appearance of the purchaser, or otherwise, that the card did not or could not belong to the minor, and if the alteration was with reasonable diligence not discernible or ascertainable, had a right to assume that anyone presenting such a card would not unlawfully possess or use it. He had Taylor sign a piece of paper for the purpose of comparing the signatures and was satisfied that there was a ''fair resemblance.'' He was not personally acquainted with Taylor and there is no contention that his appearance was such as to arouse suspicion that he was under age. Under such circumstances we cannot disturb the trial court's findings and judgment that the decision and order of the State Board of Equalization is not supported by any substantial evidence.

The decisions of the board are final, subject to review for excess of jurisdiction, errors of law, abuse of discretion and insufficiency of the evidence and where there is error the

matter ordinarily should be remanded to the board for further proceedings. (*Covert* v. *Board of Equalization*, 29 Cal.2d 125, 132 [173 P.2d 545].)

Judgment affirmed.

Barnard, P. J., and Griffin, J., concurred.

A petition for a rehearing was denied March 9, 1949.