[Civ. No. 15145.   First Dist., Div. Two.   Oct. 3, 1952.]

MARY CONTI et al., Respondents, v. STATE BOARD OF EQUALIZATION, Appellant.

Edmund G. Brown, Attorney General, and William M. Bennett, Deputy Attorney General, for Appellant.

J. Elwood Andresen for Respondents.

NOURSE, P. J.—In proceedings before the State Board of Equalization on an accusation charging the sale of liquor to a minor the board ordered a 15-day suspension of the liquor license.  This proceeding in mandamus was brought by the licensees to review the proceedings before the board.  The attack on the suspension order was based on the claim that the evidence was insufficient to support it.  The trial court so held.

The licensees sold a bottle of beer to a 19-year-old member of the Coast Guard on his presentation of an out-of-state motor vehicle driver's license identifying a party over the age of 21. Soon thereafter two members of the Navy Shore Patrol entered the premises and questioned the purchaser. He admitted that the driver's license belonged to a friend and that he was a minor. The licensees defend their sale on the provisions of section 61.2(b) of the Alcoholic Beverage Control Act [2 Deering's Gen. Laws, Act 3796] which reads: "In any criminal prosecution, or any proceeding for the suspension or revocation of any license issued under this act and based upon violation of said Section 61, proof that the defendant licensee or his agent or employee demanded and was shown, before furnishing any alcoholic beverage to a minor, a motor vehicle operator's license or a registration certificate issued under the Federal Selective Service Act or other bona fide documentary evidence of majority and identity of such person, shall be a defense to such prosecution or proceeding for the suspension or revocation of any license."

At the hearing before the State Board the hearing officer found that the accused "did not establish a defense to the above proceeding under Section 61.2(b) of the act." The trial court held that this finding was not supported "by any substantial evidence" and annulled the order of the State Board.

We are inclined to agree with the ruling of the superior court because the statute does not impose upon the licensee the duty of determining at his peril whether the driver's license is a bona fide license of the party presenting it. Possession of the license is presumptive evidence that the license belonged to the holder. (Code Civ. Proc., § 1963, subd. 11.) To hold otherwise would require the attendant to determine at his peril whether the driver's license had been legally issued, whether it had not been revoked or suspended, and whether the party presenting it was in truth and fact the legitimate holder of the paper.

There is really no conflict in the evidence—just a shade of difference in the suspicions the witnesses might have drawn from the personal appearance of the boy. It is conceivable that a member of the Shore Patrol would have more experience in guessing the age of a member of the uniformed service than would one whose daily duties were confined to attending bar. Unless the personal appearance of the holder of the driver's license demonstrates above mere suspicion that

he is not the legal owner of the license the bartender is justified in assuming the validity of the driver's license and in accepting the holder as the legal owner.

The hearing officer of the State Board made no finding of fact relating to the presentation and inspection of the driver's license. He drew the conclusion that a defense was not established under section 61.2(b) of the Control Act. The trial court found that there was no substantial evidence to support that determination.

In a somewhat similar case (*Young* v. *State Board of Equalization,* 90 Cal.App.2d 256, 258 [202 P.2d 587]) the court said:

"As we read the section (61.2(b)) of the act, a defense was established when the clerk Seahorn demanded identification of Taylor and was shown the registration certificate. The wording of the section indicates that such a registration certificate is bona fide documentary evidence of majority and identity. The clerk, if he acted in good faith and without actual knowledge, gained from the appearance of the purchaser, or otherwise, that the card did not or could not belong to the minor, and if the alteration was with reasonable diligence not discernible or ascertainable, had a right to assume that anyone presenting such a card would not unlawfully possess or use it."

Judgment affirmed.

Goodell, J., and Dooling, J., concurred.

A petition for a rehearing was denied November 1, 1952, and appellant's petition for a hearing by the Supreme Court was denied November 25, 1952.