[Civ. No. 8894.    Third Dist.    Nov. 1, 1956.]

HENRY DETHLEFSEN et al., Respondents, v. THE STATE BOARD OF EQUALIZATION, Appellant.

*Assigned by Chairman of Judicial Council.

Edmund G. Brown, Attorney General, and G. A. Strader, Deputy Attorney General, for Appellant.

Smallpage & Willis for Respondents.

VAN DYKE, P. J.—In a proceeding before the State Board of Equalization, respondents were found guilty of selling liquor to a minor in violation of section 25658 of the Business and Professions Code. The board ordered that respondents' off-sale license be suspended for 30 days. They applied for mandate to the superior court, which after a hearing set aside the findings and order of the board on the ground of insufficient evidence and remanded the cause for further proceedings. The board appeals.

The board found that on June 5, 1954, an employee of respondents sold an alcoholic beverage to one Anthony Sanchez Gamino, who was then under 21 years of age; that he was born June 13, 1934; that on a previous occasion Gamino had exhibited to the employee documentary evidence of age and identity consisting of a selective service registration certificate which had been issued to and was in fact the property of Gamino; that the date of birth on said identification card had been altered by Gamino to show his age as over 21; that the alteration should have been apparent from a reasonably careful inspection of the card by said employee; and that she was, therefore, not justified on the basis of said selective service card in assuming the said Gamino was over 21 years of age. The board concluded that respondents had failed to establish a defense to the accusation under the provisions of section 25660 of said code. Section 25660 then read as follows:

"In any criminal prosecution or proceeding for the suspension or revocation of any license based upon violation of Section 25658, proof that the defendant licensee, or his agent or employee, demanded and was shown, before furnishing any alcoholic beverage to a minor, a motor vehicle operator's license or a registration certificate issued under the Federal Selective Service Act or other bona fide documentary evidence of majority and identity of the person, is a defense to the prosecution or proceeding for the suspension or revocation of any license."

The trial court found that the evidence offered and received in the board proceedings was insufficient to support the board's finding that no defense had been established to the accusation in that, ''the Selective Service Card referred to in said finding was offered in evidence and was physically present at said proceeding, from which card it affirmatively appears that the alteration of said Selective Service Card was and is not apparent and should not have been apparent from a reasonably careful inspection of said card.''

█ The appellant board being a state-wide agency exercising fact-finding powers, the situation presented on appeal from the superior's court's judgment is that this court, on the record presented, which is the same record presented to the superior court, must test the sufficiency of the evidence to support the appellant board's decision by the substantial evidence rule, the same rule as was applied in the superior court. █ Neither the superior court nor this court has power to reweigh the evidence presented to the appellant board or to exercise independent judgment thereon. (*Covert* v. *State Board of Equalization*, 29 Cal.2d 125 [173 P.2d 545].)

The accusation was made by two state liquor officers, both of whom testified at the hearing before the board. They said they had been watching the licensed premises, saw Gamino enter, walk up to the counter and buy a half pint of Vodka; that as he left he appeared to them to be under age, so they stopped him. In response to questions he said he was 21 years of age, but on further questioning admitted that he was a minor. He told the officers he had not shown respondents' employee any identification before purchasing the Vodka because he had made a purchase of liquor at the same place on the previous Saturday, at which time the employee had demanded, and he had shown her, his registration certificate. The registration certificate was introduced in evidence and is part of the record before us. Admittedly, it is a genuine certificate that had been issued to Gamino, but Gamino had altered the date of his birth appearing on the card so as to show that he was born in 1932 instead of in 1934. The officers said the premises were well lighted. Gamino testified as a witness when called by the attorney for the board at the board hearing. He said the date of his birth was June 13, 1934 (this would make him within a few days of being twenty years of age when he made the purchase); that when the officers stopped him he showed them his driver's license, which was the first thing they asked for. Then he

showed them his service card and told them that he had made the changes on the card by erasing the "34" and typing in "32" on his own typewriter. The description of Gamino on the card was as follows: "Color of eyes, brown; Color of hair, brown; Complexion, olive; Height (Approx.) 5 ft. 10 in.; Weight (Approx.), 170; Race, WH." Gamino gave his own description as of the time of testifying, saying he was then 5 feet, 10 inches tall and weighed about 180 pounds. As to the occurrence when he first showed his card to respondents' employee, he testified as follows: The card he showed her was a genuine card issued to him by the government; that she asked him for proof of majority and identification before she sold him liquor; that he showed her his service card; that she turned it over and looked at the description on the back which she checked very thoroughly with his appearance to see that he was the person to whom the card had been issued; that she then sold him the liquor, not apparently detecting the alteration of the two figures on the card which he said represented the best job he could do to make the altered card look authentic; that his purpose was to represent that he was older than he really was. He said that on the second occasion the employee did not ask him for further identification, but that she recognized him from the previous time and simply said "Hello." The employee testified as follows: That she recalled Gamino coming into the store prior to the time when the officers stopped him as he left; that he wanted to buy liquor and she asked him for an "I. D." because she wasn't sure he was 21; that he showed her a draft card, being the one in evidence; that she had never seen him before; that she sold him liquor when he presented the card; that she looked at the description; that she looked to see how old he was, and the card showed that he was over 21; that she turned it over and compared his height and the color of his eyes and it all fit, so she sold him liquor; that she was satisfied that the description fit him; that she looked from him to the card and back from the card to him; that when he came in the second time she saw no need of asking him for identification as she recognized him.

The card in evidence shows the discoloration and scuffing which might be expected on a card the owner is required to have in his possession at all times, and which, therefore, presumably had been carried by Gamino for about two years. It is difficult indeed to detect the alteration of the "3" and

"2" without a close and critical examination. For better illustration we append hereto a photostat of the face of the card:

There are three appellate court decisions which bear upon the issues presented on this appeal. They are: *Young* v. *State Board of Equalization,* 90 Cal.App.2d 256 [202 P.2d 587]; *Conti* v. *State Board of Equalization,* 113 Cal.App.2d 465 [248 P.2d 31], and *Keane* v. *Reilly,* 130 Cal.App.2d 407 [279 P.2d 152]. *Keane* v. *Reilly* reviews the other two.

In *Young* v. *State Board of Equalization* a 17-year-old, to prove majority and identity, had presented to a bartender a draft registration card issued to another and had been required to write his name, which the bartender testified resembled the one on the identification card to his satisfaction. The court said that the presentation to the bartender of the card was prima facie evidence under section 25660 of the majority and identity of the person presenting it and observed, at page 258:

". . . The clerk, if he acted in good faith and without actual knowledge, gained from the appearance of the purchaser, or otherwise, that the card did not or could not belong to the minor, and if the alteration was with reasonable diligence not discernible or ascertainable, had a right to assume that anyone presenting such a card would not unlawfully possess or use it."

In the Conti case a 19-year-old presented an out-of-state driver's license not his own which on its face showed that it

was issued to a person over twenty-one. The appellate court said, at page 466:

". . . [T]he statute does not impose upon the licensee the duty of determining at his peril whether the driver's license is a bona fide license of the party presenting it. Possession of the license is presumptive evidence that the license belonged to the holder. . . . To hold otherwise would require the attendant to determine at his peril whether the driver's license had been legally issued, whether it had not been revoked or suspended, and whether the party presenting it was in truth and fact the legitimate holder of the paper.

". . . Unless the personal appearance of the holder of the driver's license demonstrates above mere suspicion that he is not the legal owner of the license the bartender is justified in assuming the validity of the driver's license and in accepting the holder as the legal owner."

In *Keane* v. *Reilly* the foregoing holdings interpreting the statute were applied to a case where sales had been made to minors who presented fake identification documents. One had been carefully prepared to resemble a bona fide official identification card, another was a driver's license belonging to someone else, but on which the physical description fitted the minor with fair accuracy, and the other was a driver's license belonging to another from whom the minor had obtained it for the purpose of "fooling bartenders" and which showed a physical description that roughly fitted the minor. We quote the following headnote:

"Where evidence shows that before purchasing an intoxicant purchaser submitted to the bartender a document, purporting to indicate majority, apparently complying with former Alcoholic Beverage Control Act, § 61.2(b), and bartender testified that he believed document to be official, Board of Equalization and courts may not suspend license for selling to a minor in absence of a supported finding that bartender acted in bad faith and without diligence."

In this case there is no finding of bad faith and no finding that the employee in fact discovered the alteration of the card. There is no express finding of want of diligence on the part of respondents' employee. What the board did find was that "The alteration should have been apparent from reasonably careful inspection of the card by" the employee, therefore the employee "was not justified on the basis of said Selective Service Card in assuming the said Gamino was over 21 years of age." Gamino was practically 20 years of age,

was 5 feet, 10 inches in height, weighed about 180 pounds, and the description on the card fitted him. The whole decision then rests upon the finding that the employee should have detected the alteration, and in turn that depends entirely on the appearance of the card itself which is a part of the record. It is our view that to say, as the board did, that "the alteration should have been apparent from reasonably careful inspection of the card" is a wholly false conclusion. We agree with the superior court that this record contains no substantial support for the vital finding of the board.

Appellant contends that the superior court weighed the evidence when it held the alteration not in fact apparent on a reasonably diligent inspection. If that be so, then this court has fallen into the same error. But we think that is not so when the purpose of section 25660 of the act, as interpreted by the decisions cited herein, is considered. The purpose of the legislation when enacted was to relieve vendors of alcoholic beverages from having in all events to determine at their peril the age of the purchaser. It was intended to furnish a readily applicable standard usable under the conditions generally obtaining which, when complied with, would constitute a defense if in fact the purchaser was under 21. A plan was hit upon whereby the vendor could demand that he be shown bona fide documentary evidence of majority and identity, vehicle operators' licenses and draft board certificates being specifically mentioned. Obviously, to protect a vendor such evidence of majority and identity would have to be presented by a person whose appearance was such as to make it doubtful on which side of the line dividing minority from majority the purchaser was. When a doubt as to that would arise in good faith, it was intended that the vendor could rely upon documentary evidence of majority and identity such as motor vehicle operators' licenses and draft board certificates, but the bona fides of such documents must be ascertained if the lack of it would be disclosed by reasonable inspection, the circumstances considered. The circumstances include the right of the vendor to rely upon the usual presumptions, which section 1963 of the Code of Civil Procedure provides all may rely upon. In this case a card issued by a draft board to the purchaser was presented. It accurately described him. His appearance physically was that of one who might either be a minor or have attained his majority. The vendor was entitled to rely upon the presumption that he had not committed the crime of altering the

568

certificate. When these matters are considered we do not hesitate to say as a matter of law that respondents established the statutory defense to the charge of selling liquor to a minor.

The judgment is affirmed.

Peek, J., and McMurray, J. pro tem.,* concurred.

Appellant's petition for a hearing by the Supreme Court was denied December 24, 1956.

*Assigned by Chairman of Judicial Council.