[Civ. No. 22569.   Second Dist., Div. Two.   Dec. 5, 1957.]

5501 HOLLYWOOD, INC. (a Corporation), Respondent, v. DEPARTMENT OF ALCOHOLIC BEVERAGE CONTROL, etc., et al., Appellants.

Edmund G. Brown, Attorney General, and Edward M. Belasco, Deputy Attorney General, for Appellants.

Albert E. Isenberg and Ronald H. Freemond for Respondent.

ASHBURN, J.—Defendants appeal from a judgment ordering issuance of a writ of mandate commanding defendant Department of Alcoholic Beverage Control (hereinafter designated as "Department") to set aside and annul its decision of May 24, 1956, suspending respondent's liquor license, and also commanding the defendant Alcoholic Beverage Control Appeals Board (hereinafter referred to as "Appeals Board") to set aside and annul its order affirming the decision of the Department.

The Department had charged respondent, as the holder of a general on-sale liquor license, with violations of subdivisions

(a) and (b) of section 25658,[1] Business and Professions Code, in that it did sell whiskey to a minor 18 years of age and permitted said minor to consume the same upon the licensed premises. A hearing officer found both charges to be true and the Department ordered the license suspended for a period of 15 days on each charge, said suspensions to run concurrently. Respondent herein filed an appeal with the Appeals Board which affirmed the decision of the Department. Thereupon respondent petitioned the superior court for a writ of mandate to vacate and set aside the orders of the Department and the Appeals Board and the superior court, after hearing, found and adjudged that there was no substantial evidence to sustain the findings of fact and the writ of mandate should issue as prayed.

Petitioner, engaged in conducting an establishment known as Peacock Lane, is the owner of an on-sale general license for sale of alcoholic beverages at 5501-5 Hollywood Boulevard, in the city of Los Angeles. On October 23, 1955, Peggy Joanne Michele, who was 18 years old, arrived at said establishment about 1:30 a.m. in the company of three boys and two girls. They occupied a booth and, after dancing, drinks were ordered from a waitress. Peggy called for a coke and whiskey. Upon being served she drank a little of it, whereupon the police interfered. When the order was given the waitress asked for proof of her age and Peggy produced a driver's license which she had found, one issued in the name of Patricia Jean Meyer. What, if any, examination the waitress made of same does not appear. The license itself was placed in evidence. The age shown is 18 but the date is August 7, 1952, indicating the licensee's age to be 21 at the time of the incident in question. The height of the licensee as given is 5 feet 3 inches and Peggy was three inches taller than that. The weight is stated at 102 pounds and Peggy then weighed 19 pounds more, 121 pounds. Her eyes were blue, whereas the license gives color

---

[1]Bus. & Prof. Code, § 25658.

"(a) Every person who sells, furnishes, gives, or causes to be sold, furnished, or given away, any alcoholic beverage to any person under the age of 21 years is guilty of a misdemeanor.

"(b) Any person under the age of 21 years who purchases any alcoholic beverage, or any person under the age of 21 years who consumes any alcoholic beverage in any on-sale premises, is guilty of a misdemeanor and shall be punished by a fine of not less than one hundred dollars ($100).

"(c) Any on-sale licensee who knowingly permits a person under the age of 21 years to consume any alcoholic beverage in the on-sale premises, whether or not the licensee has knowledge that the person is under the age of 21 years, is guilty of a misdemeanor."

of eyes as hazel. Peggy appeared as a witness at the hearing before the referee on April 6, 1956, less than six months after the incident, and the referee observed that "although she is fairly tall her general figure appeared immature, her voice, poise, and manner that of a girl not older than 19 years and in general her appearance is clearly that of a girl between 18 and 19 years of age." Petitioner produced no evidence at the hearing.

The referee found: "(d) That the discrepancies between the actual description and appearance of said Peggy Jeanne Michele and the description on the said driver's license shown Respondent's said waitress were such that a reasonable prudent licensee or employee in a premises licensed for the sale of alcoholic beverages would not in good faith accept said driver's license as a bona fide documentary evidence of the identity of or of the majority of said Peggy Jeanne Michele. (e) That after having been shown the above-described driver's license Respondent Licensee's said waitress made no further inquiry or investigation into either the identity or majority of said Peggy Jeanne Michele. (f) That the personal appearance of Peggy Jeanne Michele at the above time and place was such that Respondent Licensee's waitress did not act with reasonable prudence or in good faith in accepting said license as bona fide documentary evidence of either the identity or majority of the said Peggy Jeanne Michele."

As the Department and the Appeals Board are constitutional agencies created by article XX, section 22, as amended in November, 1956, the scope of review of their decisions is limited to determining whether they are supported by substantial evidence, and both the superior court in a mandate proceeding and an appellate court upon appeal therefrom are without authority to reweigh the evidence. (*Marcucci* v. *Board of Equalization*, 138 Cal.App.2d 605, 608 [292 P.2d 264]; *Griswold* v. *Department Alcoholic Beverage Control*, 141 Cal.App.2d 807, 810 [297 P.2d 762]; *Maxwell Cafe* v. *Department Alcoholic Beverage Control*, 142 Cal.App.2d 73, 77 [298 P.2d 64].)

Respondent makes two points, (1) that there was no proof that Peggy was served an alcoholic beverage prohibited by the statute, and (2) that a defense was proved without contradiction under section 25660, Business and Professions Code, quoted *infra*.

As to the first point, Peggy ordered coke and whiskey.

Without comment the waitress served her a drink which, according to the police officer, was an amber-colored fluid smelling of alcohol. When asked what type of alcohol, he replied: "I would say bourbon." There being no evidence to the contrary there arose a fair inference (or perhaps presumption) that she was served the drink she had ordered. (*Griswold* v. *Department Alcoholic Beverage Control, supra,* 141 Cal.App.2d 807, 811; *Wright* v. *Munro,* 144 Cal.App.2d 843, 847 [301 P.2d 997]; *Mercurio* v. *Department Alcoholic etc. Control,* 144 Cal.App.2d 626, 634 [301 P.2d 474].) This state of the record was clearly sufficient to support the challenged finding.

The defense which petitioner claims to have established without substantial contradiction is that of compliance with section 25660, Business and Professions Code, which says: "In any criminal prosecution or proceeding for the suspension or revocation of any license based upon violation of section 25658, proof that the defendant licensee, or his agent or employee, demanded and was shown, immediately prior to furnishing any alcoholic beverage to a person under 21 years of age, bona fide documentary evidence of majority and identity of the person issued by a federal, state, county, or municipal government, or subdivision or agency thereof, including, but not limited to, a motor vehicle operator's license, a registration certificate issued under the Federal Selective Service Act, or an identification card issued to a member of the armed forces, is a defense to the prosecution or proceeding for the suspension or revocation of any license." When introduced into the code in 1953[2] its phrasing was such as to indicate "that such a registration certificate is bona fide documentary evidence of majority and identity." (*Young* v. *State Board of Equalization,* 90 Cal.App.2d 256, 258 [202 P.2d 587].) But the substitution of the phrase "bona fide documentary evidence of majority and identity of the person issued . . . including, but not limited to, a motor vehicle operator's license, a registration certificate issued under the

[2]In any criminal prosecution or proceeding for the suspension or revocation of any license based upon violation of Section 25658, proof that the defendant licensee, or his agent or employee, demanded and was shown, before furnishing any alcoholic beverage to a minor, a motor vehicle operator's license or a registration certificate issued under the Federal Selective Service Act or other bona fide documentary evidence of majority and identity of the person, is a defense to the prosecution or proceeding for the suspension or revocation of any license."

Federal Selective Service Act, or an identification card issued to a member of the armed forces,'' carries a different significance. ■ The statute now demands documentary evidence of majority and identity which is intrinsically bona fide and the mere fact of production of a vehicle operator's license does not make a case. ''Under this last-quoted section a licensee does not establish an absolute defense by evidence that the minor produced an identification card purporting to show that the person in possession of the card is 21. The defense must be asserted in good faith, that is, the licensee or the agent of the licensee must act as a reasonable and prudent man would have acted under the circumstances. Obviously, the appearance of the one producing the card, or the description on the card, or its nature, may well indicate that the person in possession of it is not the person described on such card. In such a case the defense permitted by section 61.2(b) could not successfully be urged.'' (*Keane* v. *Reilly*, 130 Cal.App.2d 407, 410 [279 P.2d 152].)

■ Although the licensee is not required to act at his peril, he must exercise the caution which would be shown by a reasonable and prudent man in the same circumstances. (*Keane* v. *Reilly*, *supra*, p. 410.) He has an active duty in that respect. ■ ''A licentiate conducting the sale of beverages under an on-sale license is charged with an active duty to prevent minors from consuming intoxicating liquor on the licensed premises, and if the licentiate, through an employee, has knowledge that such consumption is taking place, there arises immediately an active duty to prevent its continuance. A failure to prevent it is within the meaning of the statute a permitting of that unlawful consumption.'' (*Marcucci* v. *Board of Equalization*, *supra*, 138 Cal.App.2d 605, 610.) To the same effect, see *Cornell* v. *Reilly*, 127 Cal. App.2d 178, 187 [273 P.2d 572].

■ It is essential to a successful defense that the operator's license or other evidence of majority be presented by one whose appearance indicates that he or she could be 21 years of age, and a reasonable inspection of the document must be made by the licensee or his agent. ''Obviously, to protect a vendor such evidence of majority and identity would have to be presented by a person whose appearance was such as to make it doubtful on which side of the line dividing minority from majority the purchaser was. When a doubt as to that would arise in good faith, it was intended that the vendor could rely upon documentary evidence of majority

and identity such as motor vehicle operators' licenses and draft board certificates, but the bona fides of such documents must be ascertained if the lack of it would be disclosed by reasonable inspection, the circumstances considered." (*Dethlefsen* v. *State Board of Equalization*, 145 Cal.App.2d 561, 567 [303 P.2d 7].) That process must do more than raise a mere suspicion (*Keane* v. *Reilly, supra*, 130 Cal.App.2d 407, 411; *Conti* v. *State Board of Equalization*, 113 Cal.App. 2d 465, 466 [248 P.2d 31]); but whether it does so ordinarily is a question of fact for the Board to determine. ▮ If the licensee delegates that task to an employee, such as a waitress, he is bound by her conduct as if he had acted in person. (*Cornell* v. *Reilly, supra*, 127 Cal.App.2d 178, 186.)

▮ In this instance Peggy had been on the dance floor; she was too young in appearance to be 21 (as the referee observed to be the case some six months later); she weighed 19 pounds more than the person to whom the license was issued; she was three and one-half years younger and had blue eyes instead of hazel. Whether a reasonably careful inspection of the license and comparison with Peggy's appearance would have done something more than raise a suspicion in the mind of a reasonably prudent man, whether it would prompt him to require something additional by way of evidence of bona fides of the license or to refuse altogether to serve her was a question for the trier of fact. The referee, in paragraph (d) above quoted, found that the discrepancies between the license and the appearance of Peggy "were such that a reasonable prudent licensee or employee in a premises licensed for the sale of alcoholic beverages would not in good faith accept said driver's license as a bona fide documentary evidence of the identity of or of the majority of said Peggy Jeanne Michele," and the Appeals Board said: "The apparent discrepancies between the driver's license presented and the minor presenting it were sufficient to put appellant's employee on guard and to indicate that further inquiry was in order."

Drawing of inferences is a major portion of the fact finding process. Petitioner, who was the employer of the waitress and presumptively in command of any evidence tending to show bona fides on her part or that of her employer, offered no evidence whatever. As the burden of proving the special defense of section 25660 rested upon petitioner, a presumption arose that that evidence, if produced, would have been unfavorable to its contentions. (*Bone* v. *Hayes*, 154 Cal. 759,

765 [99 P. 172].) While this is a presumption which does not amount to affirmative evidence of the facts shown in the testimony produced by the other side, it does add emphasis to the adverse inferences flowing therefrom. (*Talbert* v. *Ostergaard,* 129 Cal.App.2d 222, 230 [276 P.2d 880]; *Estate of Bould,* 135 Cal.App.2d 260, 265 [287 P.2d 8, 289 P.2d 15].)

There was substantial evidence before the Board to warrant the findings made and it was reversible error for the superior court to hold otherwise.

The judgment is reversed, with instructions to the trial court to enter judgment denying the peremptory writ.

Fox, Acting P. J., and Richards, J. pro tem.,* concurred.

*Assigned by Chairman of Judicial Council.