[Civ. No. 22901. Second Dist., Div. One. Apr. 14, 1958.]

JOSEPH L. FARAH et al., Appellants, v. ALCOHOLIC BEVERAGE CONTROL APPEALS BOARD et al., Respondents.

*Assigned by Chairman of Judicial Council.

Carl B. Sturzenacker and Walter Monarch for Appellants.

Edmund G. Brown, Attorney General, and Edward M. Belasco, Deputy Attorney General, for Respondents.

FOURT, J.—This is an appeal from a judgment denying appellants' petition for a writ of mandate to compel respondents to cancel their order suspending for 15 days appellants' on-sale general liquor license.

The facts are as follows: On April 20, 1956, the plaintiffs, licensees, sold and furnished beer to a girl about 19 years of age and permitted her to consume the beer on their premises. At the time of this sale and consumption the minor was not requested to produce nor exhibit any bona fide documentary evidence of her majority or identity. About two or three weeks before the sale above mentioned, the girl had exhibited to a waitress in the establishment a temporary automobile operator's license, upon which the date of birth had been fraudulently altered to show the age as 22, instead of 19. The Department of Alcoholic Beverage Control, by accusation,

charged the licensees with a violation of sections 25658, subds. (a) and (b), and 24200, subd. (b), of the Business and Professions Code for the acts heretofore mentioned. The Department of Alcoholic Beverage Control found, after a hearing, that the charges were true and found that the licensees had failed to establish the defense available to liquor licensees under section 25660, Business and Professions Code, that the alterations were reasonably apparent on an inspection of the driver's license, and also that the minor could not reasonably have been mistaken for a person of the age of majority. The licensees took an appeal to the Alcoholic Beverage Control Appeals Board, which considered the matter and made its decision. The appeals board ordered stricken from the decision the statements as to the alteration of the driver's license being apparent and as to the unlikelihood of the minor's being mistaken for an adult, on the ground that there was no evidence in the record to support such findings. The decision of the Department, however, was affirmed, apparently upon the ground that the licensees "did not demand, nor were they shown, on April 20, 1956, documentary evidence of majority and identity." The minor admitted altering the driver's license and exhibiting it as altered over a period of time to the licensees and their employees.

It seems generally agreed by all that the licensees had been previously imposed upon by the minor without fault on their part.

The licensees petitioned the superior court for a writ of mandate to compel the department and the appeals board to set aside their decision. The writ was denied and this appeal is from that determination.

The question involved here is the interpretation of section 25660 of the Business and Professions Code, as amended in 1955. That section reads as follows:

"In any criminal prosecution or proceeding for the suspension or revocation of any license based upon violation of Section 25658, proof that the defendant licensee, or his agent or employee, demanded and was shown, *immediately prior* to furnishing any alcoholic beverage to a person under 21 years of age, bona fide documentary evidence of majority and identity of the person issued by a federal, state, county, or municipal government, or subdivision or agency thereof, including, but not limited to, a motor vehicle operator's license, a registration certificate issued under the Federal Selective

Service Act, or an identification card issued to a member of the armed forces, is a defense to the prosecution or proceeding for the suspension or revocation of any license.'' (Emphasis added.)

The 1955 amendment, among other things, substituted the words ''immediately prior,'' for the word ''before,'' just preceding the phrase ''furnishing any alcoholic beverage,'' which had appeared in the statute before amendment.

Appellants' contentions are that a complete defense was established under the section in question; that the section does not require proof of age and identity on each occasion of service of an alcoholic beverage; that the section violates the due process clauses of the state and federal Constitutions, and that a legislative body may not, under the guise of the police power, impose restrictions that are unnecessary and unreasonable upon the use of private property or the pursuit of useful activities.

The Department of Alcoholic Beverage Control is a constitutional agency (Cal. Const., art XX, § 22), and is charged with the enforcement of the Alcoholic Beverage Control Act, and the decisions of the Department should be affirmed by the courts when supported by substantial evidence. (*5501 Hollywood, Inc.* v. *Department of Alcoholic Beverage Control,* 155 Cal.App.2d 748 [318 P.2d 820], and the cases cited therein.)

The business of selling intoxicating liquor is one attended with dangers, and under the police power the state may limit the operation of such business to conditions which will minimize its evils. (*Ritz* v. *Lightston,* 10 Cal.App. 685, 689 [103 P. 363]; *People* v. *Baker,* 38 Cal.App. 28, 34 [175 P. 88]; *Cornell* v. *Reilly,* 127 Cal.App.2d 178, 187 [273 P.2d 572].)

The licensees in this case sold the liquor to the minor, and unless they can come under the protection of the provisions of section 25660 of the Business and Professions Code the license was subject to suspension.

The Legislature, in adopting the provisions of the above cited code section, provided a method whereby a licensee can protect himself in any case of doubt as to the age of a prospective customer: ''immediately prior to furnishing'' any liquor the licensee can demand bona fide documentary evidence of the majority and identity of the prospective customer. The defense is affirmative and the burden is therefore upon the licensee to show that he is entitled to the benefits

of such a defense. (*Keane* v. *Reilly*, 130 Cal.App.2d 407 [279 P.2d 152]; *Molina* v. *Munro*, 145 Cal.App.2d 601 [302 P.2d 818].)

█ The cases interpreting section 25660, Business and Professions Code, have generally set forth three tests by which to measure the conduct of the licensee in determining whether there has been a compliance with the provisions of the section.

First, the licensee who makes a diligent inspection of the documentary evidence of majority and identity offered by the customer at or about the time of the sale is entitled to rely upon its apparent genuineness. (*Dethlefsen* v. *State Board of Equalization*, 145 Cal.App.2d 561, 567 [303 P.2d 7]; *Young* v. *State Board of Equalization*, 90 Cal.App.2d 256 [202 P.2d 587].)

Second, a licensee must exercise the caution which would be shown by a reasonable and prudent person in the same or similar circumstances. (*5501 Hollywood, Inc.* v. *Department of Alcoholic Beverage Control, supra*, 155 Cal.App.2d 748, 753.)

Third, a licensee must make the inspection of the documentary evidence and his appraisal of the physical appearance of the customer "immediately prior" to the sale. (*People* v. *Garrigan*, 137 Cal.App.2d Supp. 854 [289 P.2d 892].)

In this case the licensees did not demand, nor were they shown any evidence of the majority or identity of the customer at the time of sale, nor during any period for at least two weeks prior thereto.

█ The Legislature very properly saw fit to place a definite limit and restriction upon the use of the defense, and if a licensee does not see fit to take advantage of the available defense in accordance with the plain mandate of the statute, he assumes the risk of whatever hazards may lie ahead. A licensee has no inherent right to sell liquor and his engaging in the business may legitimately be subject to rigid conditions which will limit the possibilities of sales to children under the age of 21 years. The words "immediately prior" are words of limitation in time, and plainly, the act of questioning the minor and seeing some proof of age two or three weeks before the sale is not "immediately prior" to the sale in question.

There is no merit to the contentions of appellants.

The judgment is affirmed.

White, P. J., and Lillie, J., concurred.