[Civ. No. 1056.   Fifth Dist.   Dec. 4, 1968.]

EDWARD J. KIRBY, as Director, etc., Petitioner, v. ALCO-HOLIC BEVERAGE CONTROL APPEALS BOARD and ANDY BOYAJIAN, Respondents.

Thomas C. Lynch, Attorney General, and Richard L. Hamilton, Deputy Attorney General, for Petitioner.

Robert Martin and Edward V. Marouk for Respondents.

STONE, J.—By this proceeding we review an order of the Alcoholic Beverage Control Appeals Board reversing a decision of the Department of Alcoholic Beverage Control. The controversy centers upon the interpretation of a section of the Business and Professions Code. The facts are not in dispute and, succinctly stated, they are as follows: A 20-year-old female solicited employment in an establishment where liquor was sold by respondent Andy Boyajian, the holder of an onsale liquor license. Boyajian demanded proof of age and the minor produced a birth certificate indicating that she was 22 years old. It developed that it was her sister's birth certificate. Boyajian refused to accept this as evidence of her identity and age, so, on the same day, the minor purchased an identification card which she filled out by using part of her own given name and part of her sister's, her true description, and her sister's birthdate of March 13, 1946. She affixed her own photograph to the reverse of the card. The identification card was then subscribed and sworn to by her before a notary, who affixed his official seal in the County of Fresno. She presented the identification to Boyajian who, wishing to be sure of her majority, asked for names of references who could verify the facts. The minor gave the names of her mother and a boyfriend (both of whom had been previously coached by the minor to lie to Boyajian, the licensee). These references falsely assured Boyajian that the minor was over 21.

Relying upon the forged birth certificate, the spurious identification card, the notary public's certificate, and the false statements of the minor's mother and boyfriend, Boyajian employed the minor, a violation of Business and Professions Code section 25663.

After hearing the evidence, summarized above, a hearing officer of the Office of Administrative Procedure filed his proposed decision, which concluded: "No disciplinary action is warranted in view of the mitigating factors."

The Department of Alcoholic Beverage Control, however,

did not adopt the proposed decision; pursuant to section 11517, subdivision (c), of the Government Code, the Department entered its own independent decision. After noting the mitigating circumstances found by the hearing officer, the Department also noted the previous disciplinary record of Boyajian and issued an order suspending the license for 10 days, but ordered the suspension stayed for 10 days upon the condition that no cause for disciplinary action occur within one year from the effective date of the decision.

The upshot of the order is that a 10-day suspension is held over the head of Boyajian for a year. He appealed to the Alcoholic Beverage Control Appeals Board, contending that he acted in good faith. That body, upon the same evidence that was before the Department, concluded ''that appellant established a defense under the provisions of section 25660 of the Alcoholic Beverage Control Act,'' and reversed the decision of the Department as ''an abuse of discretion.''

Thus the sole question is whether the Department misinterpreted Business and Professions Code section 25660, which establishes a licensee's defense to a violation of sections 25658 (sales to minors), 25663 (employment of minors) or 25665 (minors in public premises). Section 25660 reads as follows: ''Bona fide evidence of majority and identity of the person *is a document* issued by a federal, state, county, or municipal government, or subdivision or agency thereof, including, but not limited to, a motor vehicle operator's license, a registration certificate issued under the Federal Selective Service Act, or an identification card issued to a member of the Armed Forces. Proof that the defendant-licensee, or his employee or agent, demanded, was shown and acted *in reliance upon such bona fide evidence* in any transaction, employment, use, or permission forbidden by Sections 25658, 25663 or 25665 shall be a defense to any criminal prosecution therefor or to any proceedings for the suspension or revocation of any license based thereon.'' (Italics added.)

It is well established that reliance in good faith upon a document issued by one of the governmental entities enumerated in section 25660 constitutes a defense to a license suspension proceeding even though the document is altered, forged or otherwise spurious. (*Dethlefsen* v. *State Board of Equalization,* 145 Cal.App.2d 561 [303 P.2d 7].)

Thus the question narrows to whether reliance in good faith upon evidence of identity and majority other than a document emanating from sources specified in section 25660

serves to relieve a licensee from the consequences of committing acts forbidden by sections 25658, 25663 or 25665. The Department concluded that it does not; the Appeals Board ruled that it does. We agree with the Department.

Since it is conceded that the documents relied upon by the licensee were not issued by a governmental entity as specified in section 25660, it follows that the reversal by the Appeals Board necessarily rests upon the ground of ''good faith,'' and good faith alone. The effect of the Board's decision is to establish a nonstatutory defense to a violation of Business and Professions Code sections 25658, 25663 or 25665. The Board asserts the courts have held ''that a licensee does not act at his peril in selling liquor and that if he uses due care and acts in good faith his license is not to be jeopardized because some minor representing himself as an adult succeeds in purchasing liquor,'' citing *Lacabanne Properties, Inc.* v. *Alcoholic Beverage etc. Appeals Board,* 261 Cal.App.2d 181, 189 [67 Cal.Rptr. 734]. But this quotation when viewed out of context is of no value as precedent; the court was simply noting that the liability of a licensee for a sale to a minor is not absolute in that the Legislature has furnished a procedure whereby he may protect himself, namely, Business and Professions Code section 25660.

In construing the purpose of section 25660, the court said, in *Dethlefsen* v. *State Board of Equalization, supra,* 145 Cal. App.2d at page 567: ''The purpose of the legislation when enacted was to relieve vendors of alcoholic beverages from having in all events to determine at their peril the age of the purchaser. It was intended to furnish a readily applicable standard usable under the conditions generally obtaining which, when complied with, would constitute a defense if in fact the purchaser was under 21.''

After observing that the Legislature by section 25660 ''furnished the licensee with a procedure to protect himself'' and that ''These provisions in effect establish an exception to the general prohibition against transactions with minors,'' the court, in *Lacabanne,* went on to say, at page 207: '' 'An exception to a statute is to be narrowly construed. (Citation.) When a statute specifies an exception, no others may be added under the guise of judicial construction. (Citations.)' [Citations.]

''The licensee has the burden of proving the defense that evidence of majority and identity was demanded, shown and acted on as prescribed by the provisions of section 25660.''

Thus a licensee charged with violating sections 25658, 25663 or 25665 has to meet a dual burden; not only must he show that he acted in good faith, free from an intent to violate the law, as the licensee did here, but he must demonstrate that he also exercised such good faith in reliance upon a document delineated by section 25660. Where all he shows is good faith in relying upon evidence other than that within the ambit of section 25660, he has failed to meet his burden of proof.

The Legislature has recognized that the business of selling intoxicating liquors, unless strictly regulated, poses a threat to the welfare of minors. Consequently, under the police power of the state the Legislature laid down the conditions under which such businesses may be conducted in order to minimize its evils. (*Farah* v. *Alcoholic Beverage etc. Appeals Board,* 159 Cal.App.2d 335, 338 [324 P.2d 98]; *Jacques, Inc.* v. *State Board of Equalization,* 155 Cal.App.2d 448, 462-463 [318 P.2d 6]; *People* v. *Baker,* 38 Cal.App. 28, 34 [175 P. 88].) To hold that "good faith" alone, unrelated to section 25660, justifies a violation of code sections 25658, 25663 or 25665 would be to create a vague defense without guidelines, that might well circumvent the legislative purpose in fixing criteria for proof of age in alcoholic beverage abuses.

It is clear from the argument that the Appeals Board feels strongly that in this case the licensee's good faith mitigated his violation. This position is supported by the record. But it is one thing to mollify the punishment for an infraction of the law, and quite another to find there has been no infraction. Moreover, it is possible that in the view of the Department it dealt leniently with Boyajian in ordering 10 days' suspension with 10 days stayed providing no other disciplinary action is taken against the licensee within one year. In any event, it is not the severity of the order that is in issue here, it is whether the Appeals Board correctly decided that the Department was in error as a matter of law. For reasons discussed above, we hold that the Department decision is supported in law.

The order of the Appeals Board is reversed.

Conley, P. J., and Gargano, J., concurred.