The RANCHER BAR & LOUNGE, Appellant
(Defendant below),

v.

The STATE of Wyoming, Appellee
(Plaintiff below).

No. 4229.

Supreme Court of Wyoming.

Oct. 2, 1973.

Floyd R. King of King & Mackey, Jackson, for appellant.

Clarence A. Brimmer, Atty. Gen., Sterling A. Case, Deputy Atty. Gen., Jerome F. Statkus, Asst. Atty. Gen., Cheyenne, for appellee.

Before PARKER, C. J., and McEWAN, GUTHRIE, McINTYRE, and McCLINTOCK, JJ.

Mr. Chief Justice PARKER delivered the opinion of the court.

The State, acting under the provisions of Title 12, Chapter 2, W.S.1957, brought an action to revoke the liquor license of the Rancher Bar & Lounge, alleging the violation of § 12–33, W.S.1957 (as amended by c. 130, S.L. of Wyoming, 1965, and c. 162, S.L. of Wyoming, 1969), which forbade the sale of alcoholic or malt beverages to minors. At the conclusion of the trial, the court entered judgment suspending the liquor license of the Rancher Bar & Lounge for thirty days, which suspension was later, on defendant's motion, reduced to ten days.

Defendant has filed an appeal,[1] urging (1) establishment of a statutory defense which required the court to grant its motion for dismissal that was interposed at the close of the State's evidence and again at the conclusion of the case, and (2) the court's error in admitting photographs of the liquor purchaser and his companion.

1. The State moved that the appeal be dismissed as moot, which motion is overruled as without merit.

The facts are uncomplicated and unchallenged. On December 23, 1972, two young men entered defendant's place of business and one, Mark D. Cipolle, after some financial negotiations with his companion, purchased five cases of beer. The two took the beer out to a van waiting for them and driven by a third person. A deputy sheriff who had been watching outside the building later stopped the vehicle as he thought the persons placing the beer in it had appeared to be under the age of twenty-one. Both Cipolle and his companion, Thomas Fornango, were arrested. In the normal booking process, the deputy sheriff ascertained both Cipolle and Fornango to be seventeen years of age. Cipolle indicated he would like to make a statement and showed the deputy sheriff a driver's license other than his own that he had presented to the Rancher Bar & Lounge's employee, Edward Keating. The license, which did not bear a photograph, was issued in the name of Charles D. Leake, showing him to be five foot ten inches in height and one hundred sixty pounds in weight, with red hair and green eyes and a birth date of January 11, 1951.

The Wyoming statute, § 12–33(b), provided in relevant part:

"\* \* \* A motor vehicle operator's license \* \* \* shall be prima facie evidence of the age and identity of a person. Proof that a licensee or his employee or agent, demanded, was shown, and acted in reasonable reliance upon the information contained in any one of the above documents of identification, shall be a defense to any criminal prosecution or to any proceeding for the suspension or revocation of any license hereunder."

■ Both the defendant and the State agree that the major issue to be determined in the case was whether or not Keating's reliance on the motor vehicle operator's license was reasonable. In that connection, defendant points to several California cases,[2] saying the applicable statute by court interpretation established essentially the same requirement as the Wyoming statute, i. e., a licensee must exercise the caution which would be shown by a reasonable and prudent person in the same or similar circumstances in order to constitute a defense.

Defendant argues that the evidence in the case shows there was no alteration of the driver's license presented to Keating to arouse his suspicion; the testimony was undisputed that Cipolle's appearance was such as to make it doubtful on which side of the line dividing minority from majority he was; and Keating testified that after examining the license he had no reason to doubt that Cipolle was over the age of twenty-one, otherwise he would have required him to sign a certificate as to age[3] or refused to serve him.

The State, on the other hand, while conceding that a liquor licensee is not required to act at his peril in order to comply with the "reasonable reliance" provision, argues that the presentation of an out-of-state driver's license without a photograph attached is itself a doubtful circumstance and further that if the person's age was not questionable the clerk would not have asked for identification. The State's position on this point is inconsistent with its concession that reasonable reliance is sufficient and seems to stem from the holdings of several cases cited by it where the controlling statute or ordinance makes no provision for a defense if there is reasonable reliance on a documentary means of identification.

■ It is our view that the reasonable reliance thesis accepted by the parties is the correct one. Applying that, we find the defendant's employee, Keating, took in-

2. Farah v. Alcoholic Beverage Control Appeals Board, 159 Cal.App.2d 335, 324 P.2d 98; Dethlefsen v. State Board of Equalization, 145 Cal.App.2d 561, 303 P.2d 7; Keane v. Reilly, 130 Cal.App.2d 407, 279 P.2d 152; Conti v. State Board of Equalization, 113 Cal.App.2d 465, 248 P.2d 31; Young v. State Board of Equalization, 90 Cal.App.2d 256, 202 P.2d 587.

3. Section 5, c. 130, S.L. of Wyoming, 1965.

sufficient steps upon which to base a reasonable reliance. He noted only the height and weight, giving no attention to other data contained on the license, the hair and eyes. Further, there were other details on the license which admitted of some checking, the social security number and, in a case such as this where there was no photograph, the signature.

■ We have given attention to defendant's argument that the photographs of the purchaser and his companion were erroneously introduced; but the only authority cited, 3 Jones, Evidence, § 17:52 (6 ed.), is inspecific and, under the circumstances here, unpersuasive.

The order of the trial court suspending defendant's license was proper, notwithstanding the statements made by the trial court at the conclusion of the case concerning the color of Cipolle's hair.[4]

Affirmed.

4. White v. Wheatland Irrigation District, Wyo., 413 P.2d 252, 257; Robinson Transportation Company v. Hawkeye-Security Insurance Company, Wyo., 385 P.2d 203, 206; Chesney v. Valley Live Stock Co., 34 Wyo. 378, 244 P. 216, 221, 44 A.L.R. 1255.