[Civ. No. 18547. First Dist., Div. One. June 16, 1960.]

ROY E. MEADE, Appellant, v. STATE COLLECTION AGENCY BOARD, Respondent.

Aaron Vinkler and Cyril Viadro for Appellant.

Stanley Mosk, Attorney General, and Wiley W. Manuel, Deputy Attorney General, for Respondent.

PAULSEN, J. pro tem.*—This is an appeal from a judgment denying petitioner a peremptory writ of mandate in a proceeding in which he sought to compel respondent to reconsider its order revoking his license to conduct a collection agency.

In April, 1957, an accusation was filed against appellant charging him with nine violations of laws and rules relating to collection agencies. He was found guilty of eight. They may be summarized as follows:

Count I. He refused to permit inspection of his books and records by respondent's agents. Count II. He wilfully filed three false semi-annual statements. Count III. He represented to a customer that a claim had been settled for $1,000 when in fact he had accepted cash and a promissory note aggregating $1,975.88. Count IV. He had failed to report to the customer mentioned in count III all payments received and had failed to send him payments. Count V. He had failed to maintain certain business records required of collection agencies after similar failures had repeatedly been called to his attention. Count VI. He had illegally practiced law by permitting his employees to prepare petitions and schedules in bankruptcy proceedings. Count VII. He had failed to maintain sufficient funds in his trust account to pay all money due and payable to his customers. Count VIII. He had made

*Assigned by Chairman of Judicial Council.

payments to persons other than his customers out of his trust account.

Appellant concedes that each count charged a violation of law or of an administrative rule and that the evidence was sufficient to support the findings. He states: ''Our position on this appeal is (1) that petitioner was in effect punished twice for the same offense (or, to be more accurate, that he was punished as if he had been guilty of eight separate violations of the rules governing collection agencies when, in fact, he was guilty at most of four or perhaps five such violations), (2) that, under the circumstances, the drastic penalty imposed upon him (revocation of his license) was an abuse of the Board's discretion and (3) that the matter should accordingly be returned to the Board for a reconsideration of the penalty.''

Counts III and IV illustrate appellant's point. The facts alleged in each of those counts, standing alone, constituted a violation but both related to his dealings with the same customer. It also appears that there may have been a similar situation in the counts dealing with records. In view of appellant's admission that there was sufficient evidence to support the findings as to at least four or five separate counts, we need not examine the record to determine whether the correct number was four or eight, unless the criminal law of included offenses is applicable and was applied so as to prejudice appellant's rights.

Appellant relies on *People* v. *Logan,* 41 Cal.2d 279, 290 [260 P.2d 20], where the court held that the defendant, who had taken his victim's purse after striking her with a baseball bat, could not be punished both for assault with a deadly weapon and for robbery; and on *People* v. *Roberts,* 40 Cal.2d 483, 491 [254 P.2d 501], where it was held that defendant could not be punished for possession of, and also for transporting and selling, narcotics when the possession was necessarily incident to the selling.

The principle of those cases is not applicable. It is well settled that the revocation or suspension of a license is not penal in nature but is a mechanism by which licensees who have demonstrated their ignorance, incompetency or lack of honesty and integrity may be removed from the licensed business. The legislation was not intended to provide for punishment but to afford protection of the public. (*Furnish* v. *Board of Medical Examiners,* 149 Cal. App.2d 326 [308 P.2d 924, 309 P.2d 493] ; *Bold* v. *Board of Medical Examiners,*

135 Cal.App. 29 [26 P.2d 707] ; *Traxler* v. *Board of Medical Examiners,* 135 Cal.App. 37 [26 P.2d 710].) Or, as stated in another way, the purpose of the proceeding is to determine the fitness of the licensee to continue in that capacity and thus to protect society by removing, either temporarily or permanently, from the licensed business or profession, a licensee whose methods of conducting his business indicate a lack of those qualities which the law demands. (*West Coast Home Improvement Co., Inc.* v. *Contractor's State License Board,* 72 Cal.App.2d 287, 301 [164 P.2d 811] ; *In re Winne,* 208 Cal. 35, 41 [280 P. 113].)

In *People* v. *Brown,* 49 Cal.2d 577, 593 [320 P.2d 5], the court explained the purpose in *criminal* cases of applying the rule appellant seeks to invoke here. It was said there: "To preclude the possibility of the dual judgments prejudicing defendant in the fixing of her term by the Adult Authority, the judgment of conviction of the less severely punishable offense should be reversed." The situation here is quite different. No punishment was intended and no question of consecutive sentences is involved. Regardless of the number of charges or the division into counts, all the facts had a direct bearing on the question of fitness, as they would if appellant again applied for a license. It was the nature of the facts and not the number of charges or counts that was controlling. In view of their serious nature the action of the board was manifestly warranted.

The judgment is affirmed.

Bray, P. J., and Tobriner, J., concurred.