[Civ. No. 25426. Second Dist., Div. One. Nov. 21, 1961.]

MALCOLM E. HARRIS, as Director of the Department of Alcoholic Beverage Control, Plaintiff and Respondent, v. THE ALCOHOLIC BEVERAGE CONTROL APPEALS BOARD, Defendant and Appellant; ROBERT L. SWANN, Real Party in Interest.

Leo K. Gallant, Associate Counsel, for Defendant and Appellant.

Stanley Mosk, Attorney General, and Warren H. Deering, Deputy Attorney General, for Plaintiff and Respondent.

WOOD, P. J.—The Alcoholic Beverage Control Appeals Board reversed a portion of a decision of the Department of Alcoholic Beverage Control (that portion which pertained to the last four counts of an accusation—Counts VIII, IX, X, and XI). The department petitioned the superior court for a writ of mandate directing the appeals board to vacate its reversal of said portion of the department's decision. The petition was granted and the writ was issued. The board

appeals from the judgment granting the petition and ordering the issuance of a peremptory writ of mandate.

On May 15, 1959, the Department of Alcoholic Beverage Control filed an accusation against Robert L. Swann, a holder of an "on-sale" alcoholic beverage license, who was doing business as "The Lariat" in El Monte. The accusation alleged, in 11 counts, that the licensee had violated, or permitted violations of, certain sections of the Business and Professions Code, namely: section 25658, subdivisions (a)[1] and (b)[2]; and section 25665.[3] (The provisions of said sections are to the effect that it is a misdemeanor (1) to sell alcoholic beverage to a minor, (2) for a minor to consume alcoholic beverage in any on-sale premises, and (3) to permit a minor to enter and remain in the licensed premises without lawful business therein.)

Count I of the accusation alleged that the licensee Swann, "by his waitress," sold an alcoholic beverage, beer, to one Evans, a minor, who was 18 years of age.

Counts II and III were in substance the same as Count I, except that other minors (Hagan and Bane) were named as vendees.

Counts IV, V, VI, and VII alleged that the licensee permitted said minors, Evans, Hagan, and Bane (who were named in the preceding counts), and another minor, Tipton, to consume beer upon the licensee's premises.

Counts VIII, IX, X, and XI alleged that the licensee permitted the said minors, Evans, Hagan, Tipton, and Bane, respectively, to enter and remain on the licensed premises when they were without lawful business therein.

The date of the violations, as alleged in the counts pertaining to each minor except Bane, was May 2, 1959. The date, as alleged in the counts pertaining to Bane (Counts III, VII, and XI), was April 12, 1959.

---

[1]Section 25658, subdivision (a), provides: "Every person who sells . . . any alcoholic beverage to any person under the age of 21 years is guilty of a misdemeanor."

[2]Section 25658, subdivision (b), provides: "Any person under the age of 21 years who purchases any alcoholic beverage, or . . . who consumes any alcoholic beverage in any on-sale premises, is guilty of a misdemeanor. . . ."

[3]Section 25665 provides: "Any licensee under an on-sale license issued for public premises . . . who permits a person under the age of 21 years to enter and remain in the licensed premises without lawful business therein is guilty of a misdemeanor. . . ."

At the hearing upon the accusation, on June 12, 1959, before a hearing officer of the department, the licensee Swann stipulated that the charges in the accusation were true. The hearing officer made his "Proposed Decision" wherein, under the heading of "Findings of Fact," he set forth the 11 counts of the accusation, and then stated that the licensee stipulated as to the truth of all counts of this accusation but offered nothing by way of defense or in mitigation. Under the heading of "Determination of Issues," he stated that the licensee violated said section 25658, subdivision (a), as to Counts I, II, and III, and permitted a violation of said section 25658, subdivision (b), as to Counts IV, V, VI, and VII, and permitted a violation of said section 25665 as to Counts VIII, IX, X, and XI. He also stated therein that grounds constituting a basis for suspension of the license, under section 24200, subdivision (b), of the Business and Professions Code, "have been established as to each and every count herein." He recommended that the licensee be suspended for 5 days on each count for a total suspension of 55 days.

The proposed decision of the hearing officer was adopted by the department as its decision.

The licensee (Swann) appealed from that decision to the appeals board. The board reversed the portion of the decision of the department with respect to the last four counts of the accusation—Counts VIII, IX, X, and XI, which pertained to violations of said section 25665 (permitting minors to enter and remain in the premises without lawful business therein). In reversing that portion of the decision, the appeals board stated that the violation of section 25658, subdivision (b) (relative to permitting a minor to consume alcoholic beverage on the premises), necessarily involved a violation of section 25665 (relative to permitting a minor to enter and remain in the premises) ; and that the presence of the minors in the premises was necessarily a part of the violation charged under section 25658, subdivision (b) (relative to consuming the beverage), and "accordingly could only form the basis for a single charge against appellant [licensee]." The appeals board also stated that the department erred in charging and finding "two separate offenses pertaining to each single transaction and therefore, Counts VIII, IX, X, and XI of the Department's decision are reversed." The board also said that the acts charged under section 25658, subdivision (a) (selling to a minor), are not included within the violation

charged under said section, subdivision (b) (permitting a minor to consume the beverage on the premises).

The department petitioned the superior court for a writ of mandate directing the appeals board to vacate its reversal of said portion of the department's decision.

The court found, among other things, that the licensee personally appeared at the hearing before the hearing officer and stipulated that each and all of the counts were true; that during the pendency of the proceeding before the department, the licensee did not object to allegations of the accusation or to the form of the accusation, nor assert a defense that the doctrine of "included offense" applied to the proceedings, or assert any other defense or objection; that there was substantial evidence in the light of the whole record before the department to support each finding of the department as to Counts VIII, IX, X, and XI; that the findings of the department support its decision; that the licensee (Swann) interposed the defense of "included offenses" and "double jeopardy" in the proceedings before the appeals board but did not interpose such a defense during the proceedings before the department; that the licensee was given a fair hearing and due process of law in the hearing before the department.

Appellant (appeals board) asserts that in the present proceeding a violation of section 25658, subdivision (b) (permitting minor to consume the beverage on the premises), inevitably and necessarily involves a violation of section 25665 (permitting minor to enter and remain on the premises) and "so the latter is an offense necessarily included in the former." The appellant asserts further that "without a showing that the minor's presence was separate and apart from the act of consuming the alcoholic beverages, there has been a failure to meet evidentiary requirements needed to support the Department's findings as to a violation of Section 25665 of the Code."

The doctrine of "included offenses" is not applicable herein. In *Meade* v. *State Collection Agency Board,* 181 Cal. App.2d 774 [5 Cal.Rptr. 486], wherein appellant Meade's license to conduct a collection agency was revoked, the court said (p. 776): "In view of appellant's admission that there was sufficient evidence to support the findings as to at least four or five separate counts, we need not examine the record to determine whether the correct number was four or eight, unless the criminal law of included offenses is applicable and was applied so as to prejudice appellant's rights." After

making that statement the court referred to two criminal cases upon which the appellant therein relied, in which cases the doctrine of included offenses was applied. Then the court therein (in the *Meade* case) stated further (p. 776): "The principle of those cases [principle of included offenses] is not applicable. It is well settled that the revocation or suspension of a license is not penal in nature but is a mechanism by which licensees who have demonstrated their ignorance, incompetency or lack of honesty and integrity may be removed from the licensed business. The legislation was not intended to provide for punishment but to afford protection of the public."

In the present case, at the beginning of the hearing before the hearing officer, the licensee admitted that the charge in each count was true. Preceding that admission, the attorney representing the department stated that nine witnesses, to be called by the department, were present in the hearing room and were ready to testify. He said that those witnesses were: Officer Adams of the Highway Patrol; Agents Churchill, Sussman, Brown, and Bachrach of the department, and the four minors. After the admission was made, the attorney for the department said, "Therefore it will not be necessary for me to put on any witnesses at this time." The licensee did not raise any question at the hearing regarding the sufficiency of the allegations of the counts or regarding an included offense or double jeopardy. It is apparent that he knew the substance of the evidence that would be presented in support of the charges—he testified that he pleaded not guilty to the misdemeanor charges in the criminal trial so that he could hear the testimony in that trial and would know what he was up against when he appeared at the department hearing. The testimony in that respect was, as follows: "I pleaded not guilty so I could actually—so I could hear the testimony so I would know what I was up against when I came down here [before the hearing officer]. That is the reason I plead guilty down here." It is reasonable to infer that if the licensee had not made such a stipulation or admission the department would have presented the testimony of its witnesses and that the testimony would have supported the charges. It appears that the appeals board has assumed that the period of time during which each minor "remained" in the premises was precisely coextensive with the time he consumed the alcoholic beverage. Even if such an assumption were proper, it might well be that the act of the licensee in permitting a minor to

remain in the premises during that time only would be a violation of section 25665, separate and apart from a violation of section 25658, subdivision (b),—particularly if the act of consuming a serving of the beverage were extended over such a long period of time that the act would be merely incidental to, and a subterfuge for, the minor's act of remaining and loitering in the premises. Of course, if a minor remained in the premises before or after the period of time he consumed the beverage, there would be no basis for the contention of the appeals board. The hearing officer accepted the stipulation or admission of the licensee that the charges were true, and as a result thereof the attorney for the department refrained from presenting the testimony of his witnesses. By such stipulation the licensee admitted the existence of facts sufficient to support each count independently of the other counts. In *Bohn* v. *Watson*, 130 Cal.App.2d 24 [278 P.2d 454], the petitioner Bohn sought a writ of mandate to compel the Real Estate Commissioner to cancel his order revoking Bohn's license as a real estate broker. The cause therein was submitted to the trial court upon the record of the proceedings before the commissioner. On the appeal from the judgment therein, Bohn raised for the first time the issue that the disciplinary matter was barred by the statute of limitations. In that case the court said, at page 37: "It was never contemplated that a party to an administrative hearing should withhold any defense then available to him or make only a perfunctory or 'skeleton' showing in the hearing and thereafter obtain an unlimited trial de novo, on expanded issues, in the reviewing court. [Citation.] The rule compelling a party to present all legitimate issues before the administrative tribunal is required in order to preserve the integrity of the proceedings before that body and to endow them with a dignity beyond that of a mere shadow-play. Had Bohn desired to avail herself of the asserted bar of limitations, she should have done so in the administrative forum, where the commissioner could have prepared his case, alert to the need of resisting this defense, and the hearing officer might have made appropriate findings thereon."

Under the circumstances in the present matter, the appeals board should not have considered the new asserted point relative to "included offenses" which was raised for the first time on appeal. The board erred in applying the doctrine of included offenses herein.

The trial court properly granted the department's petition for a writ of mandate.

The judgment is affirmed.

Fourt, J., and Lillie, J., concurred.