[Civ. No. 51816. Second Dist., Div. Five. Jan. 18, 1978.]

MURRAY COHAN, Petitioner, v.
DEPARTMENT OF ALCOHOLIC BEVERAGE CONTROL
et al., Respondents.

COUNSEL

Manuel H. Miller and Jeffrey S. Weiss for Petitioner.

Evelle J. Younger, Attorney General, Thomas Scheerer, Deputy Attorney General, and Floyd R. Mitzner for Respondents.

OPINION

STEPHENS, J.—We granted a writ in the within proceeding to review a decision of the Alcoholic Beverage Control Appeals Board (board) which affirmed a decision of the Department of Alcoholic Beverage Control (department).

The facts are these: petitioner was granted a conditional on-sale license on April 1, 1975. The condition imposed on the license included a prohibition against showing sexually explicit films on the premises. The condition was imposed because a prior licensee of the premises had a history of violations involving live and filmed entertainment.

On February 25, 1976, the department filed a two-count accusation alleging that petitioner had permitted sexually explicit films to be shown

on the premises on September 13, 1975. Count I of the accusation charged that the exhibition of the films violated department rule 143.4 (1)(2)(3). (Cal. Admin. Code, tit. 4.) Count II charged that the exhibition violated the condition in the license. (Bus. & Prof. Code, § 23804.)

After a hearing on the accusation, the department issued a decision finding both counts true and ordered petitioner's license revoked. Petitioner appealed to the board, which affirmed the department's findings and decision, but determined that the penalty of revocation was too harsh and remanded the matter to the department for reconsideration of penalty. The department, upon such reconsideration, imposed a 30-day suspension for the violation of rule 143.4 charged in count I and a consecutive 45-day suspension for the violation of the license condition charged in count II. Petitioner again appealed to the board which this time affirmed the department's penalty. Petitioner then sought relief from this court.

The statutory authority for issuance of conditional licenses is found in section 23800 which provides:

"Upon request of the licensee or applicant for a license the department may place reasonable conditions upon retail licensees in the following situations:

"(a) If grounds exist for the denial of an application for a license or where a protest against the issuance of a license is filed and if the department finds that such grounds may be removed by the imposition of such conditions.

"(b) Where findings are made by the department which would justify a suspension or revocation of a license, and where the imposition of such condition is reasonably related to such findings. In the case of a suspension, the conditions may be in lieu of or in addition to such suspension.

"(c) Where the department issues an order suspending or revoking only a portion of the privileges to be exercised under such license."

The nature of the conditions which may be imposed is set forth in section 23801 as follows:

"The conditions authorized by Section 23800 may cover any matter relating to the privileges to be exercised under the license, the personal qualifications of the licensee, the conduct of the business or the condition of the premises, which will protect the public welfare and morals, including, but not limited to, the following:

"(a) Restrictions as to hours of sale.

"(b) Display of signs.

"(c) Employment of designated persons.

"(d) Types and strengths of alcoholic beverages to be served where such types or strengths are otherwise limited by law.

"(e) In cases under Section 23800(c), the portion of the privileges to be exercised under the license.

"(f) The personal conduct of the licensee."

Licensees may be penalized for violating conditions of their license pursuant to section 23804 of the Business and Professions Code which provides: "A violation of a condition placed upon a license pursuant to this article shall constitute the exercising of a privilege or the performing of an act for which a license is required without the authority thereof and shall be grounds for the suspension or revocation of such license."

Petitioner contends, as he did in his first appeal to the board, that it is a denial of due process to multiply grounds for discipline by imposing a condition on a license which duplicates a department rule and then separately penalizing a licensee for each violation. He relies upon *Walsh* v. *Kirby* (1974) 13 Cal.3d 95 [118 Cal.Rptr. 1, 529 P.2d 33], and upon the department's decision in a case entitled *In the Matter of the Accusation Against Darcly, Inc.,* AB 4243, Reg. 2893. In the latter proceeding, the department specifically found that conditions on the license duplicated the language of rule 143.4 and that conduct which violated the condition was not an independent cause for discipline apart from the violation of the rule itself.

Respondents assert that petitioner may not now raise the multiple punishment issue because he failed to raise it at the administrative

hearing which preceded the department's first decision. While it is ordinarily true that an issue must be raised at the first opportunity or it will not be considered on an appellate level, in this instance, because of the department's previous policy respecting discipline for violation of licensing conditions, the manner in which petitioner proceeded must be considered timely. The department rendered its decision in *Darcly* in August 1975, one month before it filed the accusation against petitioner. In a subsequent proceeding against Darcly based on new violations, the department did impose multiple penalties based on violations of both the rule and the license. On appeal, the board in the second *Darcly* case (AB-4305, Reg. 3900) ruled that multiple penalties could not be imposed based upon the department's finding in the first *Darcly* case that such penalties were not proper. Darcly was not the only licensee afforded the benefit of this policy. The department again found that a condition which duplicates a department rule cannot form an independent ground for discipline in a proceeding entitled *In the Matter of the Accusation Against Scott,* AB 4320, Reg. 3998, a ruling affirmed by the board on March 21, 1977.

Given these facts, petitioner was entitled to assume that there was an existing department policy against multiplying penalties when a single act violated both a condition and a rule, and to conclude that there was no need to raise this issue at the administrative hearing. Petitioner having raised the issue on his first appeal to the board, the first occasion on which he could reasonably have been expected to believe that there was a need to do so, and the board having considered the issue on its merits, it is now properly before us.

Respondents also argue that petitioner's contention lacks merit because *Walsh* v. *Kirby, supra,* 13 Cal.3d 95, is not in point and petitioner cited no other authority before the board. The board, in its decision, distinguished *Walsh* v. *Kirby* on the ground that it involved multiple sales below the fair trade price rather than a condition which duplicated a department rule. That is certainly a correct statement, as far as it goes. Nonetheless, the language of *Walsh* v. *Kirby,* which holds that arbitrary, oppressive or capricious action by the department constitutes a denial of due process is pertinent in any multiple punishment situation regardless of the particular type of violation involved.

Nor can petitioner be faulted for not citing further authority. To the extent that the issue has previously been considered by the board and the

department, it has been decided in the licensee's favor, to wit, in the *Darcly* and *Scott* matters, the former of which was cited to the board by petitioner. The issue is apparently one of first impression before the courts, although a related issue was discussed in *Harris* v. *Alcoholic Bev. etc. Appeals Bd.* (1961) 197 Cal.App.2d 182 [17 Cal.Rptr. 167], a case relied upon by the board to support its ruling that multiple penalties do not offend due process. In *Harris* the licensee was penalized for selling to a minor, for allowing a minor to consume alcohol on the premises and for allowing the minor to remain on the premises. He argued that the latter violation was a lesser included offense of the first two. The court stated that there was no prohibition against an administrative agency imposing an additional penalty for a lesser offense. This aspect of the decision is merely dictum, however, as the court found that the issue had not been raised in a timely fashion and therefore was not properly before it. Had the issue been raised at the administrative hearing, as the court noted, the department might have been able to establish that the minor remained on the premises for an extended period of time beyond that necessary to purchase and consume the alcohol and that it therefore was not a lesser included offense. *Harris* is thus distinguishable from the instant case. We turn now to the merits of petitioner's contention.

The language of subdivision (b) of section 23800 is susceptible to the interpretation that there is no prohibition on imposing a condition which duplicates a department rule. There is no statutory authorization in section 23804 or elsewhere, however, for imposing multiple penalties for conduct which violates both a condition and a rule. We deem the absence of express authorization of such penalties significant in view of the language in subdivision (b) of section 23800, which specifies that *imposition* of a condition may be in lieu of or in addition to suspension of a license. It is not surprising that the Legislature did not provide for multiple penalties in a situation such as the present one. There is no need for such penalties to insure effective enforcement of the Alcoholic Beverage Control Act, since the department is given broad discretion to suspend or revoke a license for a violation of either a rule or a condition.

We see no constitutional barrier to the department's imposing a condition which duplicates a rule in a situation such as the present one where a prior licensee has had a history of violations. The condition under these circumstances serves notice on the licensee that enforcement problems have existed at the location and that he will be expected to see that they do not recur under his stewardship. Having been put on notice

by the condition, the licensee should not expect leniency to be shown by the department if violations do occur. On the other hand, the licensee is entitled to assume that the department will assess the severity of the violation and determine a penalty suitable to the conduct involved; and that it will not tack on an additional penalty merely because the conduct in question violates both a condition and a rule. For the department to impose multiple penalties against some licensees while asserting a policy against such action with respect to other licensees can only be regarded as arbitrary and capricious and therefore a denial of due process.

To the extent that the purpose of imposing conditions is to put the licensee on notice that leniency should not be expected, it would appear that it is being defeated by the inconsistency of the department's policy as is demonstrated by the history of the present proceeding. In its first decision in this matter, the board found revocation too severe a penalty because "of the department's confusing findings in the *Darcly* decision ... and its decision in *Scott* ... that such conditions do not constitute an independent cause for an additional penalty . . . ." Thus, the department's alteration of policy on a case by case basis is causing confusion to licensees and administrators alike, is preventing efficient enforcement of the act, and may, if not corrected, result in future rulings prohibiting revocation in situations where in fact it is warranted, if the board continues to take the position that it took herein.

We hold that where a condition imposed on a license duplicates a department rule, relevant statute or ordinance, the department may impose discipline for one or the other violation, but not for both.

The decision of the board is annulled. The matter is remanded to the department for reconsideration of penalty in light of the views expressed herein.

Kaus, P. J., and Ashby, J., concurred.