[Civ. No. 22812. Second Dist., Div. Two. Apr. 3, 1958.]

THE PASTIME CAFE, INC., Appellant, v. DEPARTMENT OF ALCOHOLIC BEVERAGE CONTROL, Respondent.

Berk & Bise and Edward J. Skelly for Appellant.

Edmund G. Brown, Attorney General, and Edward M. Belasco, Deputy Attorney General, for Respondent.

FOX, P. J.—An accusation was filed with respondent charging appellant, as the holder of a general on-sale liquor license, with violations of subdivisions (a) and (b) of section 25658, Business and Professions Code, in that it did sell an alcoholic beverage to a minor 19 years of age and permitted said minor to consume the same upon the licensed premises. A hearing officer found both charges to be true and also found that appellant did not establish a defense under the provisions

of section 25660[1] of the Business and Professions Code. The officer therefore recommended that the license be suspended for 15 days. The department adopted his decision and accordingly suspended the license. Appellant thereupon appealed to the Alcoholic Beverage Control Appeals Board, which affirmed the decision and order of the department.

Appellant then petitioned the superior court for a writ of mandate. Respondent's demurrer to appellant's amended petition was sustained without leave to amend. A judgment of dismissal followed, from which appellant licensee has appealed.

The evidence shows that Margaret Lochhead, a young woman 19 years of age, entered appellant's premises on March 7, 1956, with her escort and occupied a booth with two other couples. When orders for drinks were being taken appellant's waitress asked Miss Lochhead for identification. She handed the waitress a birth certificate issued by the Health Department of Canton, Ohio, which was, however, the birth certificate of her sister, Roberta Janet, who was born on September 30, 1934. The waitress looked at the document, handed it back to Margaret, and took her order for a Tom Collins, which was later served and partially consumed by Margaret.

The only issue here is whether appellant established a defense under the provisions of section 25660, Business and Professions Code (quoted in the footnote)—i.e., was appellant's waitress shown "bona fide documentary evidence of majority and identity" of Margaret?

The Alcoholic Beverage Control Appeals Board, in affirming the decision of the department that a defense under section 25660 was not established, took the position that the birth certificate was not evidence of identity. We think the position of the department and appeals board is sound and that the

---

[1]Section 25660, Business and Professions Code, reads as follows:

"In any criminal prosecution or proceeding for the suspension or revocation of any license based upon violation of Section 25658, proof that the defendant licensee, or his agent or employee, demanded and was shown, immediately prior to furnishing any alcoholic beverage to a person under 21 years of age, bona fide documentary evidence of majority and identity of the person issued by a federal, state, county or municipal government, or subdivision or agency thereof, including, but not limited to, a motor vehicle operator's license, a registration certificate issued under the Federal Selective Service Act, or an identification card issued to a member of the armed forces, is a defense to the prosecution or proceeding for the suspension or revocation of any license.''

trial court properly sustained, without leave to amend, the respondent's demurrer to appellant's amended petition.

Section 25660 demands documentary evidence of majority *and identity* which is intrinsically bona fide (*5501 Hollywood, Inc.* v. *Department of Alcoholic Beverage Control,* 155 Cal.App.2d 748, 753 [318 P.2d 820]) and the mere production of a birth certificate does not establish a defense. The only question here involved is identity. The purpose of requiring documentary evidence as proof thereof is that the licensee or his agent may, by comparing the picture, description, or signature appearing upon such documents with the appearance or handwriting of the person presenting them, have a reasonable basis for concluding that the person in question is the individual depicted in the documents, and has reached his majority as indicated by the information therein. If the document presented does not contain sufficient information to enable the licensee or his agent reasonably to conclude that the holder is the person described therein, it does not meet the requirements of this section. A birth certificate basically contains genealogical data. The descriptive information which appears therein, such as the sex, height, weight, color of eyes and hair of the newborn infant, does not provide sufficient data to enable a licensee 18 or 20 years later to identify the holder of such a certificate as the person described therein. Nor does a birth certificate contain a signature which may be compared with the handwriting of the holder. It is thus apparent that a birth certificate alone does not contain information sufficient to establish the "identity" required by section 25660.

The judgment is affirmed.

Ashburn, J., and Herndon, J., concurred.