[Civ. No. 6267.    Fourth Dist.    Jan. 22, 1960.]

ALFRED E. RAAB et al., Appellants, v. DEPARTMENT OF ALCOHOLIC BEVERAGE CONTROL, Respondent.

Theodore R. Coomber for Appellants.

Stanley Mosk, Attorney General, and Warren H. Deering, Deputy Attorney General, for Respondent.

MONROE, J. pro tem.*—The petitioners Raab and Miller were engaged in the business of retail liquor sales, and in November, 1956, an accusation was filed against them alleging the sale of alcoholic beverages to a minor. The accusation was amended several times, the final amendment being on February 4, 1957. As finally amended the accusation was in four counts. In the first count it was charged that a sale was made to Gerald Leon Waters, a minor. The second and third counts involved alleged sales to Frank Mejia, a minor, and the fourth count alleged a sale to Tom Halby, a minor. In each case it was alleged that the sale was made by "a male clerk, name not known." The amended accusation was served on petitioners on February 7, 1957, together with a notice of a hearing on February 25, 1957. At the hearing, the petitioners objected to the accusation on the ground that it was indefinite and uncertain, that it did not state facts upon which the agency could proceed, and that a defense could not be properly prepared, and they denied all of the allegations. The objections were overruled and a hearing was had. Evidence was taken and as a result of the hearing the agency determined that the charges had been established and it was ordered that the liquor license of the petitioners be suspended for a total period of 75 days. Thereupon petitioners brought this proceeding in the superior court for a writ of mandate to review the action of the department. At the trial a judgment was entered denying the petition for a writ and quashing the alternative writ, from which judgment the petitioners appeal.

Petitioners contend that they did not have a reasonable opportunity to prepare their defense, as is guaranteed by Government Code, section 11507. This contention is based in part upon the fact that the accusation was amended on several occasions and that in its final form was served some 18 days before the hearing and, further, that petitioners had no information as to the identity of the clerk alleged to have made the sale.

The answer to this contention is that although objection was made, no continuance was sought and the parties proceeded with the hearing. Upon the hearing it developed that the parties during the period in question employed three clerks. The trial court concluded that in view of all circumstances no unfair advantage was taken of petitioners in this regard, and we agree with that conclusion.

---

*Assigned by Chairman of Judicial Council.

The principal contention made by petitioners and appellants is that the findings are not supported by the evidence and that the board failed to find upon the question of good faith. It was held in *Young* v. *State Board of Equalization,* 90 Cal.App.2d 256 [202 P.2d 587], and *Conti* v. *State Board of Equalization,* 113 Cal.App.2d 465 [248 P.2d 31], that a licensee does not act at his peril in selling liquor and that if he uses due care and acts in good faith his license is not to be jeopardized because some minor representing himself as an adult succeeds in purchasing liquor. Following this decision, it was held in *Keane* v. *Reilly,* 130 Cal.App.2d 407 [279 P.2d 152], that to justify suspension or cancellation of license there must be a finding that the licensee acted in bad faith.

Each of the minors involved testified that they bought liquor at the store maintained by petitioners and in each instance there was some corroboration. Waters testified that he was 18 years of age, that he purchased beer from a clerk in the defendants' establishment, that he did not display any type of identification to the clerk. The evidence established that he had in his possession a forged birth certificate which was later surrendered to the officers and destroyed. With reference to the minor Mejia, the evidence was that he was 16 years of age, and that he twice purchased liquor from defendants' store, and that on neither occasion did he display any evidence of identity or majority. Although the evidence of Mejia is attacked as being improbable, there was some corroboration by other witnesses who saw him enter the establishment empty handed and come out with beer, and beer was found in the automobile in which he was riding. There was a conflict in the evidence as petitioners and their witnesses claimed they had never seen Mejia. There was therefore a question of conflicting evidence addressed to the trier of the fact.

The minor Tom Halby testified that he was 19 years of age and that he purchased beer at the defendants' store and that the only identification which he showed was an identification card such as is contained in a wallet and which he had filled out himself. It did not purport to be any type of official identification.

Section 25660 of the Business and Professions Code provides in substance that in a proceeding for the suspension or revocation of a license, proof that the minor purchasing liquor immediately prior to such purchase furnished bona fide docu-

mentary evidence of majority and identity issued by federal, state, county or municipal government or a subdivision thereof, including but not limited to a motor vehicle operator's license, a registration certificate issued under the Federal Selective Service Act, or an identification card issued to a member of the Armed Forces, is a defense to the prosecution or proceedings for the suspension of license. Attention is called to the cases of *Pastime Cafe, Inc.* v. *Department of Alcoholic Beverage Control,* 159 Cal.App.2d 114 [323 P.2d 551], and *Farah* v. *Alcoholic Beverage Control Appeals Board,* 159 Cal.App.2d 335 [324 P.2d 98].

In the Pastime Cafe case, the minor exhibited to the witnesses a birth certificate which was, in fact, the birth certificate of her sister. It was held that the exhibition of this document was insufficient to establish a defense under section 25660 of the Business and Professions Code, for the reason that this section requires documentary evidence both of majority and of identity, and that the birth certificate alone carried with it no proof of identity.

In the Farah case the minor purchasing liquor had exhibited on an occasion some two weeks previous a temporary automobile operator's license upon which the age of the minor had been fraudulently altered to show 22 instead of 19 as when originally issued. It was held that the language of the statute requiring exhibition of the documentary evidence immediately before the sale required proof upon each sale and that the exhibition of the document two weeks prior did not establish a defense under the statute. It was held in the Farah case that the accused has the burden of establishing the defense and that in order to establish a defense it is necessary to bring himself within the provisions of section 25660.

Under these decisions it becomes apparent that the evidence introduced at the hearing failed to establish the defense in that in neither instance was there a proper demand or exhibition of documents establishing majority and identity. Although there was no express finding as to good faith or lack of good faith, as to each count there was an express finding by the board that the defendants had failed to establish any defense and in each finding there was set forth the failure to demand or receive sufficient documentary proof. The findings were therefore sufficient.

The trial court reviewed the entire evidence and found that the petitioners had received a full and fair hearing and that

there was substantial evidence in each instance to support the findings of the board. Although it is contended that petitioners were not afforded due process as guaranteed by the Constitution, petitioners failed to point out in what respect there was such failure. The record indicates that the hearing was in all respects as required by the decisions cited. As held in the Farah case, the finding of good faith is essential only in those cases where there is exhibited by the minor documents which purport to meet the requirements of section 25660 of the Business and Professions Code.

Judgment affirmed.

Griffin, P. J., and Shepard, J., concurred.