[Civ. No. 28891.   Second Dist., Div. Two.   Dec. 20, 1965.]

JACK P. MEYERS, INC., Plaintiff and Respondent, v. ALCOHOLIC BEVERAGE CONTROL APPEALS BOARD et al., Defendants and Appellants.

Thomas C. Lynch, Attorney General, and Lynn Henry Johnson, Deputy Attorney General, for Defendants and Appellants.

Moidel, Moidel, Moidel & Smith, Paul Angelillo and Mitchell Moidel for Plaintiff and Respondent.

ROTH, P. J.—On November 24, 1961, the Department of Alcoholic Beverage Control filed an accusation in three counts against its licensee, Jack P. Meyers, Inc., dba The Ivanhoe, respondent, upon this appeal.

Count I charged that continuance of the license would be contrary to public welfare and morals[1] in that William Edward Cook,[2] sole stockholder and president of respondent licensee corporation, is an unfit and improper person to hold an alcoholic beverage license by reason of his record of arrests and convictions. Count II charged that Cook had made a misstatement of material fact under oath[3] in an affidavit filed in connection with his approval as president of the licensee corporation in that he failed to admit six arrests. Count III charged certain other misstatements in respect of an army discharge.

After respondent filed a notice of defense to the charges, a hearing was held before a hearing officer of the Office of Administrative Procedure. Cook's defense to Count I was he had not been in trouble with the law since 1954; he was a changed man since his youthful days of indiscretion; he now participated regularly in community and charitable affairs, and as a consequence he was completely rehabilitated. He defended Count II on the grounds he had misunderstood and misread the application; it was his understanding that he had to list only those arrests which had occurred in the last six years, which was fortified by a lady at the Department of Alcoholic Beverage Control whose name he could not recall, who asked him as he was filling out his application if he had ever been arrested in the last six years.

A proposed decision exonerating Cook was filed by the hearing officer. It was rejected by the department, which, as it is empowered to do under the provisions of Government Code, section 11517, subdivision (c), rendered its own decision.

In its decision, the department found the charges made in each count of the accusation to be true. Separately and severally as to each count, the department ordered the license to be suspended for 30 days and thereafter indefinitely suspended until the license is transferred to other persons

---

[1]See Cal. Const., art. XX, § 22; Bus. & Prof. Code, § 24200, subd. (a).

[2]Respondent Jack P. Meyers, Inc. will herein be referred to as Cook—its sole stockholder.

[3]See Bus. & Prof. Code, § 24200, subd. (c).

acceptable to the department with the further limitation that if the license is not so transferred within six months from the operative date of the decision, it will be revoked on order of the department.

The licensee appealed the department's decision to the Alcoholic Beverage Control Appeals Board, which board issued an opinion affirming Counts I and II but reversing Count III.

Count III charged Cook with making a material misstatement in failing to disclose his dishonorable discharge from the Armed Forces of the United States in 1948. The appeals board ruled that the question on the affidavit form was so ambiguous that Cook's answer thereto could not be made a basis for discipline. Count III is therefore not an issue in this case.

Cook thereupon petitioned the superior court for writ of mandate to compel the department to vacate its decision. The superior court issued the writ on the ground the department "prejudicially abused its discretion in that: it failed and omitted to make Findings of Fact upon material and substantial issues; the Decision is not supported by the Findings; and the Findings made are not supported by the evidence."

The judgment of the superior court with regard to Count I is fortified by findings:

"II.14 Department by its said Decision did not make Findings of Fact as to or upon the following:

"(i) Re COUNT I

"(a) It did not Find the status as officer and shareholder, nor period of time thereof, of said William Edward Cook.

"(b) It did Find under date of '9-2-47' USBD Camp Book [*sic*] Robbery 4 years (same as above).'

"It cannot be determined nor concluded . . . whether Department considered the '9-2-47' Finding as being separate and distinct from or . . . involving the same facts as the Finding re '10-28-46.'

"(c) It made no Finding of Fact upon the issue of the character, integrity and fitness for license of said Cook as of the date of filing of the Accusation, or as of the date of said Department's Decision; . . ."

Appellant contends the findings as to Count I were legally

adequate; its decision is supported by the findings, and the findings are supported by the evidence.

. In the leading case of *Swars* v. *Council of City of Vallejo,* 33 Cal.2d 867, it was stated at pp. 871-872 [206 P.2d 355]: "The necessity for findings by an administrative agency may rest upon constitutional grounds [citations omitted] or, as here, upon a statutory requirement. The basic purposes of findings are to aid the court in determining whether there is sufficient evidence to support them [citations omitted]; to enable the court to examine the decision of the administrative agency in order to determine whether it is based upon a proper principle [citations omitted]; and to apprise the litigants or parties in regard to the reason for the administrative action as an aid to them in deciding whether additional proceedings should be initiated and, if so, upon what grounds [citations omitted].

"Although administrative findings must conform to the statutes governing the particular agency, they need not be stated with the formality required in judicial proceedings (*Meeker & Co.* v. *Lehigh Valley R.R. Co.,* 236 U.S. 412 [35 S.Ct. 328, 59 L.Ed. 644]; *Cantrell* v. *Board of Supervisors,* 87 Cal.App.2d 471 [197 P.2d 218].) In connection with the action of an administrative board, the fact that certain action is taken or recommendation made may raise a presumption that the existence of the necessary facts was ascertained and found [citations omitted]."

An ultimate finding is usually sufficient, even though a court may prefer a more detailed statement of the grounds for the decision, and includes all of the special facts necessary to sustain it. (*Albonico* v. *Madera Irrigation Dist.,* 53 Cal.2d 735, 741 [3 Cal.Rptr. 343, 350 P.2d 95]; *DeMartini* v. *Department of Alcoholic Beverage Control,* 215 Cal.App.2d 787, 814-815 [30 Cal.Rptr. 668]; *Savelli* v. *Board of Medical Examiners,* 229 Cal.App.2d 124, 134-135 [40 Cal.Rptr. 171].)

The findings are to be liberally construed to support rather than defeat the order made (*Bailey* v. *Department of Alcoholic Beverage Control,* 201 Cal.App.2d 348, 353 [20 Cal. Rptr. 264]; *Savelli* v. *Board of Medical Examiners, supra,* at p. 134.)

With these rules in mind, we cannot agree that the department failed to make adequate findings. The trial court states that no finding was made as to the status of Cook and

the duration thereof in the licensee corporation. The findings of the department however state ". . . in that William Edward Cook, sole stockholder and president of respondent licensee-corporation since about August 17, 1961, . . . ''

The trial court also states that in listing Cook's record of arrests and convictions the department failed to find whether the arrest of 9-2-47 involved the same incident as the arrest of 10-28-46. The findings, however, in noting the disposition of each arrest as listed stated with respect to the arrest of 9-2-47: "4 years (same as above)." "[A]bove" undoubtedly refers to the arrest of 10-28-46 since that incident was first on the list, and the arrest of 9-2-47 was second. Moreover, in listing the arrests, the findings include after each arrest a short paragraph explaining the circumstances. There is no explanation after the 9-2-47 arrest, however, because the explanatory note under the 10-28-46 arrest obviously covers both incidents.

Finally, the trial court states that the department made no finding upon the issue of Cook's fitness for license as of the date of the decision. The findings of the department, however, state that "It is true that . . . William Edward Cook . . . *is* an unfit and improper person to hold an alcoholic beverage license by reason of his record of arrests and convictions. . . ." (Italics added.) Since rehabilitation was a major issue in the hearing, it would have been desirable if a more specific finding as to Cook's present fitness for licensing had been made by the department. We think, however, that the finding that Cook "is" unfit sufficiently establishes, for the purposes of review, that the department did not believe Cook was rehabilitated and was not fit at the time of the decision to hold a license.

The trial court also held that the decision as to Count I was not supported by the findings. The decision was based on article XX, section 22, of the California Constitution which provides in pertinent part: "The [Alcoholic Beverage] department shall have the power, *in its discretion,* to deny, suspend or revoke any . . . license if it shall determine for good cause that the . . . continuance of such license would be contrary to public welfare or morals, . . ." (Italics added.) The findings in the instant case specifically state in Count I that continuance of the license in dispute "would be contrary to public welfare and morals," in that Cook is an unfit person because of his arrests and convictions, which are

then specifically found and listed. Giving proper scope to the discretion of the department, we cannot say as a matter of law that a finding that a person is unfit because of his arrest and conviction record does not support a decision to suspend and revoke a license.

The trial court concluded further that the findings were not supported by evidence. It must be remembered that the department is an agency upon which the Constitution has conferred limited judicial powers. (Cal. Const., art. XX, § 22.) In reviewing its decisions the courts look only to see if their findings are supported by substantial evidence in light of the whole record, and in making this determination the courts resolve all conflicts in the evidence in favor of the department's decision and indulge in all legitimate and reasonable inferences to support it. (*Cohon* v. *Department of Alcoholic Beverage Control,* 218 Cal.App.2d 332, 337-338 [32 Cal.Rptr. 723]; *DeMartini* v. *Department of Alcoholic Beverage Control,* 215 Cal.App.2d 787, 798-799 [30 Cal.Rptr. 668]; *Harris* v. *Alcoholic Beverage Control Appeals Board,* 212 Cal.App.2d 106, 113 [28 Cal.Rptr. 74]; Code Civ. Proc., § 1094.5, subd. (c).)

On the record before us, it appears that the arrests and convictions of William Cook were admitted by him. There was no dispute about his control of respondent-licensee. The only defense to the charge of Count I was that Cook was rehabilitated. Cook presented much evidence on this issue. We cannot say that the department was bound to believe that Cook had so completely rehabilitated himself as to overcome his proclivities toward unlawful activity. The uncontradicted evidence of Cook's arrests and convictions was substantial evidence in light of the whole record to support the findings of the department as to Count I of the accusation. The peremptory writ of mandate was improperly issued as to the decision of the department on Count I.

Turning now to the judgment of the trial court as to Count II of the accusation, the department made a finding that Cook had made a "*misstatement* of material fact under oath. . . ." (Italics added.) Business and Professions Code, section 24200, upon which Count II is based, provides: "The following are the grounds which constitute a basis for the suspension or the revocation of licenses: . . . (c) The misrepresentation of a material fact by any applicant in obtaining any license."

In its findings on this issue, the court stated:

"(ii) Re COUNT II

"(a) Department made no Findings whether the alleged 'misstatement', . . . was intentional or inadvertent; a 'Misstatement' or a 'misrepresentation.'

"(b) Department made no Finding upon the substantial issue that the omission was induced, caused by and resulted from the instructions given to Cook by Department's employee."

We have no doubts that the word "misrepresentation" as used in the statute, is implicit with a dishonest state of mind or an intention to mislead and deceive.[4] A "misstatement" can connote an inaccurate or wrong statement which may or may not be inadvertent. The two words, however, *can* be synonymous.

The rules governing the construction of administrative decisions are quite different from those relating to judicial findings (*supra*) and require great liberality to support the order made. The findings on Count II leave something to be desired. Nevertheless, we think that the "misstatement" found by the department was intended to be synonymous with the "misrepresentation" required by the statute. It is presumed, therefore, that the omission made by Cook was purposeful, not inadvertent, and was not induced by the instructions given by a department employee.

Such a construction accords with the rule recited in *Swars* v. *Council of City of Vallejo, supra,* 33 Cal.2d at p. 872, wherein it is said: "In connection with the action of an administrative board, the fact that certain action is taken or recommendation made may raise the presumption that the existence of the necessary facts was ascertained and found [citations omitted]."

Moreover, there is substantial evidence to support such findings. It was uncontradicted that Cook had been arrested and convicted a number of times, that the affidavit required the disclosure of such arrests and convictions, and that Cook omitted them from the affidavit. As in Count I, Cook's defense, while not improbable, was merely evidence which the department could have legally disbelieved.

---

[4] " 'Misrepresent' usually implies intent, suggesting deliberate falsification, injustice, bias or prejudice . . . ." (Webster's Third New International Dictionary, Unabridged.)

We conclude that the findings of the department were legally adequate for the purposes of review, that the findings support the decision, and that the evidence supported the findings.

The judgment directing issuance of the peremptory writ of mandate is reversed.

Herndon, J., and Fleming, J., concurred.

A petition for a rehearing was denied January 5, 1966, and respondent's petition for a hearing by the Supreme Court was denied February 16, 1966. Peters, J., and Mosk, J., were of the opinion that the petition should be granted.