[Civ. No. 24483.    First Dist., Div. One.    Apr. 16, 1968.]

LACABANNE PROPERTIES, INC., Plaintiff and Appellant, v. DEPARTMENT OF ALCOHOLIC BEVERAGE CONTROL et al., Defendants and Respondents.

183

Geary, Geary & Shea and William E. Geary for Plaintiff and Appellant.

Thomas C. Lynch, Attorney General, and Wiley W. Manuel, Deputy Attorney General, for Defendants and Respondents.

SIMS, J.—Lacabanne Properties, Inc., a licensee under the Alcoholic Beverage Control Act, appeals from a judgment of the superior court denying its petition for a writ of mandate to set aside a decision and order of the Department of Alcoholic Beverage Control which found that the licensee had violated the provisions of subsections (a) and (b) of section 25658 of the Business and Professions Code[1] by selling and

---

[1]Business and Professions Code, section 25658 provides in part: "(a) Every person who sells, furnishes, gives, or causes to be sold, furnished, or given away, any alcoholic beverage to any person under the age of 21 years is guilty of a misdemeanor. (b) Any person under the age of 21 years who purchases any alcoholic beverage, or any person under the age of 21 years who consumes any alcoholic beverage in any on-sale premises, is guilty of a misdemeanor and shall be punished by a fine of not less than one hundred dollars ($100) no part of which shall be suspended."

Further references are to sections of the Business and Professions Code, unless otherwise indicated.

furnishing an alcoholic beverage to a minor, and by permitting the minor to consume an alcoholic beverage in the licensee's premises, and which ordered that the licensee's license be suspended for a term of 15 days, with five days of the suspension stayed on certain conditions.

The original accusation contained seven counts. The last count was dismissed on motion of the Department, and the matter went to hearing on the two charges referred to above (counts IV and V), and on a third count charging violation of section 25665[2] in that the same minor, one Kuster, was permitted to enter and remain in the licensed public premises without lawful business therein (count VI). Similar charges were made in regard to the acts and omissions of the licensee with respect to a second minor, one Tishar (counts I, II and III). The hearing officer found that the six charges were true; that the licensee had not established an affirmative defense under the provisions of section 25660[3] with respect to the charges involving sale, furnishing and consumption of alcoholic beverages (counts I, II, IV and V); but that such defense was established with respect to the charges involving the entry of the two minors (counts III and VI). The last-mentioned counts were dismissed, and the hearing officer recommended separate and concurrent suspensions of 15 days on each of the remaining four counts, with five days of each suspension stayed on stipulated conditions.

The decision was adopted by the Department. The licensee appealed to the Alcoholic Beverage Control Appeals Board, which upheld the charges involving Kuster (counts IV and

---

[2]Section 25665 provides: "Any licensee under an on-sale license issued for public premises, as defined in Section 23039, who permits a person under the age of 21 years to enter and remain in the licensed premises without lawful business therein is guilty of a misdemeanor. Any person under the age of 21 years who enters and remains in the licensed public premises without lawful business therein is guilty of a misdemeanor and shall be punished by a fine of not less than one hundred dollars ($100), no part of which shall be suspended."

[3]Section 25660 provides: "Bona fide evidence of majority and identity of the person is a document issued by a federal, state, county, or municipal government, or subdivision or agency thereof, including, but not limited to, a motor vehicle operator's license, a registration certificate issued under the Federal Selective Service Act, or an identification card issued to a member of the Armed Forces. Proof that the defendant-licensee, or his employee or agent, demanded, was shown and acted in reliance upon such bona fide evidence in any transaction, employment, use, or permission forbidden by Sections 25658, 25663 or 25665 shall be a defense to any criminal prosecution therefor or to any proceedings for the suspension or revocation of any license based thereon."

V), and reversed the charges involving Tishar (counts I and II).

The licensee contends that the finding that the licensee acted upon bona fide evidence of majority and identity in permitting the entry of Kuster (count VI), dispenses with the necessity of again verifying his age at the time he was served; that therefore the same defense was established as a matter of law for the charges involving sale, furnishing and consumption (counts IV and V); and that the trial court erred in denying a writ to set aside, vacate and annul the order and decision of the Department, and the decision of the Appeals Board to the extent it affirmed the decision and order of the Department. For the reasons set forth below this contention is sustained, and the judgment is reversed.

The principles governing review in a case of this nature are well established. ■ "It is settled that the findings of the Department of Alcoholic Beverage Control must be sustained if they are supported by substantial evidence [citations], and that the superior court is without authority to exercise its independent judgment as to the effect and weight of that evidence. [Citations.] ■ Neither the appeals board nor the courts 'may disregard or overturn a finding of fact of the Department . . . for the reason that it is considered that a contrary finding would have been equally or more reasonable.' [Citation.] ■ The function of an appellate court is likewise merely to determine whether the department's findings are supported by substantial evidence. [Citation.] In making that determination, this court must resolve all conflicts in the evidence in favor of the department's decision and indulge in all legitimate and reasonable inferences to support it. [Citation.]" (*Gore* v. *Harris* (1964) 229 Cal.App. 2d 821, 826-827 [40 Cal.Rptr. 666]. See also *Martin* v. *Alcoholic Beverage etc. Appeals Board* (1959) 52 Cal.2d 238, 241-248 [340 P.2d 1]; *Covert* v. *State Board of Equalization* (1946) 29 Cal.2d 125, 131-132 [173 P.2d 545]; *Reimel* v. *Alcoholic Beverage Control Appeals Board* (1967) 250 Cal.App. 2d 673, 680 [58 Cal.Rptr. 788]; *Jack P. Meyers, Inc.* v. *Alcoholic Beverage etc. Appeals Board* (1965) 238 Cal.App.2d 869, 873 and 875 [48 Cal.Rptr. 259]; *Ballesteros* v. *Alcoholic Beverage etc. Appeals Board* (1965) 234 Cal.App.2d 694, 701 [44 Cal.Rptr. 633]; *Marini* v. *Department of Alcoholic Beverage Control* (1960) 177 Cal.App.2d 785, 786-787 [2 Cal. Rptr. 714]; *Burako* v. *Munro* (1959) 174 Cal.App.2d 688, 692

186

[345 P.2d 124]; *Farah v. Alcoholic Beverage etc. Appeals Board* (1958) 159 Cal.App.2d 335, 338 [324 P.2d 98]; *5501 Hollywood, Inc. v. Department of Alcoholic etc. Control* (1957) 155 Cal.App.2d 748, 754 [318 P.2d 820]; *Jacques, Inc. v. State Board of Equalization* (1957) 155 Cal.App.2d 448, 453-454 [318 P.2d 6]; *Brice v. Department of Alcoholic Beverage Control* (1957) 153 Cal.App.2d 315, 320 and 323 [314 P.2d 807]; *Kirchhubel v. Munro* (1957) 149 Cal.App.2d 243, 246-247 [308 P.2d 432]; and *Marcucci v. Board of Equalization* (1956) 138 Cal.App.2d 605, 608-609 [292 P.2d 264].)

■ No appeal was taken from the decision finding that the licensee had established an affirmative defense to the charges of permitting the entry of a minor. The Department cannot now challenge the validity of the decision on those counts (counts III and VI). (*Garcia v. Munro* (1958) 161 Cal.App.2d 425, 430 [326 P.2d 894].) The findings of the hearing officer, which were adopted by the Department, recite: "It is true that respondent's door checker employee upon entry into the premises by Harry Lynn Tishar and Michael R. Kuster demanded of them documentary evidence of their majority and identity. In response thereto each of them exhibited bona fide documentary evidence consisting of California driver's licenses which showed that the persons named therein were over the age of 21 years. Said employee relied in good faith upon said documents as proof that Harry Lynn Tishar and Michael R. Kuster were persons over the age of 21 years in admitting them to the premises."

In response to the contention that a similar defense was available on the other charges, the findings state: "It is not true that respondent's bartender-employee was shown any documentary evidence of majority and identity by Harry Lynn Tishar or Michael R. Kuster in connection with the service by him of alcoholic beverages to them, or in permitting them to consume said beverages on said premises.

"With respect to Harry Lynn Tishar, the record shows that he took a seat at the bar and ordered a beer. The bartender then called out to the door checker and asked him if he had checked him (Tishar) in response to which the door checker replied that he had done so; thereupon the beer was served to Tishar."[4]

---

[4]The Department did not attack the action of the Appeals Board in reversing the charges involving Tishar. This matter was therefore not before the trial court, and the decision of the Appeals Board has not been made a part of the record on this appeal. The licensee has represented,

The Department and the Appeals Board have adopted a pragmatical approach. The sale and furnishing to, and consumption of an alcoholic beverage by Kuster, and the fact of his minority are conceded. Respondents assert that the statute (see fn. 3, *supra*) refers to ''any transaction, employment, use, or permission forbidden by Sections 25658, 25663 or 25665''; that the transactions prohibited by section 25658 are different from the permissive entry prohibited by section 25665; and that therefore the employee or agent engaging in the particular transaction must satisfy himself that bona fide evidence of age and identity has been shown by the minor, and act in reliance thereon.

Some predicate for the severability of the offenses is found in *Harris* v. *Alcoholic Beverage etc. Appeals Board* (1961) 197 Cal.App.2d 182 [17 Cal.Rptr. 167]. In that case the Appeals Board struck down four charges of violation of section 25665 (permitting entry of a minor), because they were necessarily included in charges of violation of section 26658, subdivision (b) (permitting consumption by a minor). The action of the trial court in granting a writ to set aside the action of the Appeals Board was affirmed on the grounds that the doctrine of ''included offenses'' was not applicable and, in any event, could not be urged before the Appeals Board when it had not been raised in the hearing before the Department. The court observed, ''It appears that the appeals board has assumed that the period of time during which each minor 'remained' in the premises was precisely coextensive with the time he consumed the alcoholic beverage. Even if such an assumption were proper, it might well be that the act of the licensee in permitting a minor to remain in the premises during that time only would be a violation of section 25665, separate and apart from a violation of section 25658, subdivi-

without contradiction, that the decision states, ''The essential element involved is that the licensee or his agent, as to that particular transaction, i.e., admission of the minor to the premises, or sale of alcoholic beverage to him, *must satisfy himself* that bona fide evidence of age and identity has been shown by the minor. The bartender did this with respect to the minor Tishar by asking the doorman if he had made such a check. The doorman told the bartender that he had, and, in reliance upon this, the bartender proceeded to serve Tishar. But with respect to Kuster the bartender did not rely either upon his own inspection of the identification card or upon the assertion of any other employee of appellant that such identification card had been presented. In this regard, the bartender is not entitled to rely solely upon the presence of the minor on the premises for the purpose of service of alcoholic beverages to him.'' (Italics the licensee's.)

sion (b)—particularly if the act of consuming a serving of the beverage were extended over such a long period of time that the act would be merely incidental to, and a subterfuge for, the minor's act of remaining and loitering in the premises. Of course, if a minor remained in the premises before or after the period of time he consumed the beverage, there would be no basis for the contention of the appeals board." (197 Cal.App.2d at pp. 186-187.)

On this basis the failure of the bartender who served Kuster to either demand, view and rely on bona fide evidence of majority and identity, or to satisfy himself that such evidence had been exhibited to some other employee (as was allegedly done with Tishar) supports the decisions of the Department and the Appeals Board that the defense was not established for the charges made in counts IV and V.

In support of their position respondents rely on several principles established in connection with the administration of laws regulating the sale of alcoholic beverages. The general purposes of the statute and the reasons leading to its adoption may serve as guides to the specific conduct which should be required of the licensee. (*Gore* v. *Harris, supra,* 229 Cal.App. 2d 821, 827.)

█ "The business of selling intoxicating liquor is one attended with dangers, and under the police power the state may limit the operation of such business to conditions which will minimize its evils. [Citations.]" (*Farah* v. *Alcoholic Beverage etc. Appeals Board, supra,* 159 Cal.App.2d 335, 338. See also *Jacques, Inc.* v. *State Board of Equalization, supra,* 155 Cal.App.2d 448, 462-463; *Kirchhubel* v. *Munro, supra,* 149 Cal.App.2d 243, 247-248; *American Distilling Co.* v. *State Board of Equalization* (1956) 144 Cal.App.2d 457, 462 [301 P.2d 495]; *Tokaji* v. *State Board of Equalization* (1937) 20 Cal.App.2d 612, 614 [67 P.2d 1082].) More particularly, it may be assumed that the provisions prohibiting certain transactions with minors are designed to protect them from harmful influences. (See *People* v. *Baker* (1918) 38 Cal.App. 28, 34 [175 P. 88].)

█ There is an affirmative duty on the licensee to maintain and operate his premises in accordance with law, and failure to discharge this duty may amount to permitting any prohibited conduct to occur. (*Ballesteros* v. *Alcoholic Beverage etc. Appeals Board, supra,* 234 Cal.App.2d 694, 700-701; *5501 Hollywood, Inc.* v. *Department of Alcoholic etc. Control, supra,* 155 Cal.App.2d 748, 753; *Kirchhubel* v. *Munro, supra,*

149 Cal.App.2d 243, 249; *Marcucci* v. *Board of Equalization, supra,* 138 Cal.App.2d 605, 610.)

It has been recognized "that a licensee does not act at his peril in selling liquor and that if he uses due care and acts in good faith his license is not to be jeopardized because some minor representing himself as an adult succeeds in purchasing liquor." (*Raab* v. *Department of Alcoholic Beverage Control* (1960) 177 Cal.App.2d 333, 335 [2 Cal.Rptr. 26], and cases cited. See also *5501 Hollywood, Inc.* v. *Department of Alcoholic etc. Control, supra,* 155 Cal.App.2d 748, 753.)

To this end the Legislature in section 25660 furnished the licensee with a procedure to protect himself. These provisions in effect establish an exception to the general prohibition against transactions with minors. "An exception to a statute is to be narrowly construed. [Citation.] When a statute specifies an exception, no others may be added under the guise of judicial construction. [Citations.]" (*Harris* v. *Alcoholic Beverage Control Appeals Board* (1962) 201 Cal.App.2d 567, 571-572 [20 Cal.Rptr. 227]. See also *Ballesteros* v. *Alcoholic Beverage etc. Appeals Board, supra,* 234 Cal.App.2d 694, 701-702.)

The licensee has the burden of proving the defense that evidence of majority and identity was demanded, shown and acted on as prescribed by the provisions of section 25660. (*Raab* v. *Department of Alcoholic Beverage Control, supra,* 177 Cal.App.2d 333, 335-336; *Burako* v. *Munro, supra,* 174 Cal.App.2d 688, 692; *Farah* v. *Alcoholic Beverage etc. Appeals Board, supra,* 159 Cal.App.2d 335, 338-339; *5501 Hollywood, Inc.* v. *Department of Alcoholic etc. Control, supra,* 155 Cal.App.2d 748, 754.)

"The cases interpreting section 25660, Business and Professions Code, have generally set forth three tests by which to measure the conduct of the licensee in determining whether there has been a compliance with the provisions of the section.

"First, the licensee who makes a diligent inspection of the documentary evidence of majority and identity offered by the customer at or about the time of the sale is entitled to rely upon its apparent genuineness. [Citations.]

"Second, a licensee must exercise the caution which would be shown by a reasonable and prudent person in the same or similar circumstances. [Citation.]

"Third, a licensee must make the inspection of the documentary evidence and his appraisal of the physical

appearance of the customer 'immediately prior' to the sale. [Citation.]" (*Farah* v. *Alcoholic Beverage etc. Appeals Board, supra,* 159 Cal.App.2d 335, 339. See also *5501 Hollywood, Inc.* v. *Department of Alcoholic etc. Control, supra,* 155 Cal.App.2d 748, 753-754.) The recasting of the wording of section 25660 in 1959 omitted any reference to "immediately prior." The Attorney General in an earlier opinion suggested that this omission has restored the law to the situation where a licensee may rely upon a prior exhibition of the evidence of majority and identity (see *Keane* v. *Reilly* (1955) 130 Cal. App.2d 407 [279 P.2d 152]). (36 Ops.Cal.Atty.Gen. (1960) 124, 125-126.) The opinion does not discuss whether the use of the phrase "in any transaction etc." requires the licensee to prove that the evidence was demanded and shown in connection with the particular transaction which is the basis of the proceedings against him.

The foregoing principles, however, are not necessarily determinative of this case. The bartender who served Kuster was never identified. Respondents infer from the finding that this bartender asked for an "I.D." and then did not follow up on his request when a customer, also unidentified, vouched for Kuster that the bartender failed to rely on the prior exhibition of the oprator's license carried by Kuster. It is the interest of the licensee, not those of the bartender, which are at stake in these proceedings. ▉▉▉ The licensee is barred by the acts and omissions of his employees. (See *Ballesteros* v. *Alcoholic Beverage etc. Appeals Board, supra,* 234 Cal.App.2d 694, 699-700; *5501 Hollywood, Inc.* v. *Department of Alcoholic etc. Control, supra,* 155 Cal.App.2d 748, 754; and *Cornell* v. *Reilly* (1954) 127 Cal.App.2d 178, 186-187 [273 P.2d 572].) By the same token he should have the benefit of their collective conduct, knowledge and reliance. (*Cf.,* however, *Kirchhubel* v. *Munro, supra,* 149 Cal.App.2d 243, 248 to the effect that employment of a policeman will not relieve the licensee of a duty not to knowingly permit the sale of narcotics as imposed by section 24200.5.)

▉▉▉ "It is well settled that the revocation or suspension of a license is not penal in nature but is a mechanism by which licensees who have demonstrated their ignorance, incompetency or lack of honesty and integrity may be removed from the licensed business. The legislation was not intended to provide for punishment but to afford protection of the public. [Citations.]" (*Meade* v. *State Collection Agency Board* (1960) 181 Cal.App.2d 774, 776-777 [5 Cal.Rptr. 486].

*Accord*: *Harris* v. *Alcoholic Beverage etc. Appeals Board, supra,* 197 Cal.App.2d 182, 186; and see *Cornell* v. *Reilly, supra,* 127 Cal.App.2d 178, 184.)

The licensee demonstrated some degree of knowledge, competency, honesty and integrity by having a door check on his patrons. This check was operating, and was held effective as a defense to the otherwise admitted offense of permitting a minor to enter. It should not be lost as a defense to a transaction of which that entry is but a part, unless there is an absolute duty for repeated demands to show evidence of majority and identity. The fact that permitting the entry and permitting the consumption may be separate offenses (see *Harris* v. *Alcoholic Beverage etc. Appeals Board, supra,* 197 Cal.App.2d 182, 187) does not necessarily mean that they are separate transactions when, as here, the entry is immediately followed by the sale, furnishing and consumption of the alcoholic beverage. If there is no duty to make a second demand before serving the minor, the fact that the second employee made an inadequate inquiry should not defeat the right of the licensee to rely on the original determination that the patron had shown the evidence required by law. This is particularly true in this case where the patron possessed, had shown, and could have again exhibited a driver's license, which, although altered, was found to show he was over the age of 21 years.[5]

In *Farah* v. *Alcoholic Beverage etc. Appeals Board, supra,* it was held that the words "immediately prior" were not satisfied by an exhibition of evidence two or three weeks before the sale in question. (159 Cal.App.2d at p. 339. *Cf. Burako* v. *Munro, supra,* 174 Cal.App.2d 688, 692; and 36 Ops.Cal.Atty.Gen. 124, *supra.*) There is nothing in *Farah* or subsequent authorities to suggest that the evidence must be exhibited for each purchase made on the same occasion.

The licensee points out that the door check serves not only to keep out those who are prohibited entry, but by the same token, those who cannot be served; that the mere presence of the person on the premises attests to the fact that he had exhibited bona fide evidence of majority and identity to the same extent as does a question and answer, which the Appeals Board held relieved the bartender serving Tishar of any

---

[5]Kuster's license was imperceptibly altered to show a birthdate of "April 9, 1943" by changing the "5" in 1945 to a "3." It did, however reveal a patent ambiguity, apparent to an observant mathematician, in that it bore a date of issuance of May 9, 1963, and set forth his age as 18 years.

wrongdoing; and that the inappropriateness of the separate transaction approach is revealed by the absurdity of having a one-man operator check the patron at the door and then subsequently when he serves him.

Respondents suggest that a double check is necessary because under the exception in section 25665, minors with lawful business may properly be admitted to the premises, and thereafter be served. This case does not involve such a minor, and does not determine that a minor who has not exhibited bona fide evidence of majority and identity upon entry, whether lawfully or unlawfully on the premises, may be sold or furnished, or permitted to consume an alcoholic beverage on the premises. It may well be that the licensee and his employees and agents act at their peril in serving a minor, but it does not follow that they may not be relieved when the requisites for a defense were not only in fact complied with on entry, but, as in this case, were also present, although unexhibited at the time the minor was served.

In *Ballesteros* v. *Alcoholic Beverage etc. Appeals Board, supra,* the court ruled that an 18-year old married woman who was on the licensed premises with her husband did not come within the exception in section 25665 (see fn. 2, *supra*). The court recognized the Department's interpretation as follows: ''With respect to the exception regarding persons having 'lawful business' on such premises, the appellants (department and appeals board) assert that the department, for several years, has interpreted that phrase as referring to persons who enter the premises for the purpose of conducting *their* business therein, such as persons delivering telegrams or supplies to the premises. In the present case the husband was in the barroom merely as a patron of the alcoholic beverage licensees, and it cannot properly be concluded that the wife's accompanying him there was a matter of 'lawful business' or any business within the meaning of section 25665 of the Business and Professions Code.'' (234 Cal.App.2d 694, 701-702.) The class of people to be protected, minors with business on the premises, does not appear to be so large as to require, the double inconveniencing, not only of minors who bear false identification, but all of those over 21 years of age, who because of their appearance are subjected to a demand to produce evidence of majority and identity.

Respondents further suggest that the exchange of evidence of identity inside the premises would be restricted by the requirement of a second check. If the patrons are properly

checked at the door, there would be no reason to exchange evidence of identity in order to secure service. The possibilities of one patron leaving to exchange identity after having established his majority is neither enhanced nor retarded by the double check, and may perhaps be better controlled at the door than at the time of service.

It also may be suggested that the double check would increase the chances of apprehending altered documents, and' instances of false identity. If the conduct of the licensee, his agent or employee in inspecting the evidence offered by the patron does not satisfy the criteria set forth in *Farah*, as quoted above (see 159 Cal.App.2d at p. 339), there should be no defense no matter how many persons inspected the document. If on the other hand such an inspection has been made, the licensee should not be required to repeat it in the hopes that a more meticulous examination will detect fraud on the part of the patron.

It is concluded that where the minor patron has exhibited to one employee on entry, and at all times thereafter has on his person, what is found to be bona fide evidence of majority and identity, the licensee may assert reliance on the original demand and exhibition in selling, furnishing or permitting the consumption of an alcoholic beverage by that minor following that entry; and that such defense is not lost because a second employee pursued an inadequate inquiry before serving the minor.

The judgment is reversed with directions to the trial court to revise its findings of fact, conclusions of law and judgment in accordance with the views expressed herein.

Molinari, P. J., and Elkington, J., concurred.

A petition for a rehearing was denied May 8, 1968, and respondents' petition for a hearing by the Supreme Court was denied June 11, 1968.