TO BE PUBLISHED IN THE OFFICIAL REPORTS

OFFICE OF THE ATTORNEY GENERAL
State of California

JOHN K. VAN DE KAMP
Attorney General

_____

|  |  |  |
|---|---|---|
| OPINION | : | No. 86-1001 |
| of | : | OCTOBER 21, 1987 |
| JOHN K. VAN DE KAMP<br>Attorney General | : | |
| ANTHONY S. DA VIGO<br>Deputy Attorney General | : | |

_____

THE HONORABLE JAMES P. FOX, DISTRICT ATTORNEY, COUNTY OF SAN MATEO, has requested an opinion on the following question:

Are the temporary employees hired by a private non-profit corporation which contracts with the county to operate the county fair subject to the overtime pay requirements of the Industry and Occupation Orders of the Industrial Welfare Commission?

CONCLUSION

The temporary employees hired by a private non-profit corporation which contracts with the county to operate the county fair are subject to the overtime pay requirements of the Industry and Occupation Orders of the Industrial Welfare Commission.

ANALYSIS

The board of supervisors of a county is authorized to conduct a county fair either through county officials and employees (Gov. Code, § 25900; 29 Ops.Cal.Atty.Gen. 107 (1957)),

1

86-1001

or by contracting with a private nonprofit corporation or association (Gov. Code, §§ 25905, 25906). The latter section provides in part as follows:

> "The board of supervisors of a county may contract with a nonprofit corporation or association for the conducting of an agricultural fair in such county for such period and under such conditions as the board may determine. Such contracts may provide for the use, possession, and management of any public park or fairgrounds by such nonprofit corporation during the period of the contract. When such use, possession, and management is granted, the board may also allocate to such nonprofit corporation such sum of money it deems necessary to be used for any purpose incidental to the fair."

We are advised that pursuant to this authority a county board of supervisors has entered into a contract with a private nonprofit corporation ("Faircorp," *post*) to conduct, manage, and control its fair, grounds, and facilities.

During July of each year Faircorp hires a number of temporary employees for a two to six week period to help in the conduct of the annual county fair. The services provided by these employees are necessary, and if the county were conducting the fair itself it would provide the same services by hiring from the same temporary employee pool. Due to the lengthy daily hours of operation of the annual fair, and the relatively short, over-all length of time which the fair is open, some of the temporary employees are required to work more than 40 hours in any given seven day period.

Pursuant to the authority vested in it by Labor Code section 1173, the Industrial Welfare Commission has promulgated numerous orders (Cal. Admin. Code, tit. 8, § 11010 et seq.) regulating wages, hours, and working conditions in designated industries and occupations. (See Appendix A.) By way of example, the overtime provisions of Order No. 10-80 (subd. 3(A) of § 11100) governing the amusement and recreation industry are set forth as follows:

> "(A) The following overtime provisions are applicable to employees eighteen (18) years of age or over and to employees sixteen (16) or seventeen (17) years of age who are not required by law to attend school: such employees shall not be employed more than eight (8) hours in any workday or more than forty (40) hours in any workweek unless the employee receives one and one-half (1 1/2) times such employee's regular rate of pay for all hours worked over forty (40) hours in the workweek. Employment beyond eight (8) hours in any workday or more than six (6) days in any workweek is permissible provided the employee is compensated for such overtime at not less than:
>
> "(1) One and one-half (1 1/2) times the employees' regular rate of pay for all hours worked in excess of eight (8) hours up to and including twelve (12) hours in any workday, and for the first eight (8) hours worked on the seventh (7th) day of work; and

2

"(2) Double the employees' regular rate of pay for all hours worked in excess of twelve (12) hours in any workday and for all hours worked in excess of eight (8) hours on the seventh (7th) day of work in any workweek."

The question presented for consideration is whether any such order which would otherwise be applicable in a given case[1] would apply to the temporary employees hired by Faircorp.

It has been suggested that temporary employees are, for purposes of such orders, employees of the county and therefore not subject to the provisions of the Labor Code. (Cf. *O'Sullivan* v. *City & County of San Francisco* (1956) 145 Cal.App.2d 415, 418.) The term "employer" as defined in subdivision 2(F) of section 11100, governing the amusement and recreation industry, is typical of all such orders, and includes:

". . . any person, as defined in Section 18 of the Labor Code, who directly or *indirectly*, or through an agent or any other person, employs or exercises control over the wages, hours, or working conditions of any person." (Emphasis added.)[2]

It has been contended that employees of Faircorp are indirectly employed by the county. We disagree. First, there is no employment relationship, direct or indirect, between the county and the employees of an independent contractor. The salient fact remains that the temporary employees in question are employed and compensated by Faircorp, with whom the county contracted in order to relieve its own officers and employees of attendant burdens. Manifestly, employees of Faircorp are not those of the county.

Second, the orders typically exempt "employees *directly* employed by . . . any county." (Emphasis added; cf. § 11100(1)(B).) This exemption is expressly limited, thus indicating an intention not to exempt others who might claim an indirect relationship.

Third, if exempt, temporary employees of Faircorp would enjoy neither the benefit of a salary established by law, nor of a salary subject to the constraints of applicable regulatory enactments. We perceive no such legislative oversight.[3] In this regard, it is clear that these regulations should be liberally construed to promote the general object sought to be accomplished. (*Skyline Homes, Inc.* v. *Department of Industrial Relations* (1985) 165 Cal.App.3d 239, 250.) One such objective, the limitation of excessive overtime requirements, is

---

[1] We have not been apprised as to the job specifications of each of such employees, nor do we attempt to identify those orders which may be applicable. Generally, the temporary employees in question are hired for purposes of security, sanitation, and construction and demolition of booths, stands, and other facilities.

[2] Labor Code section 18 defines "person" as any person, association, organization, partnership, business trust, or corporation.

[3] Labor Code section 1173 provides that "[i]t shall be the continuing duty of the Industrial Welfare Commission . . . to ascertain the wages paid to *all* employees in this state . . . ." (Emphasis added.)

3

enforced primarily by premium pay for overtime. (*California Manufacturers Assn.* v. *Industrial Welfare Com.* (1980) 109 Cal.App.3d 95, 111.) Conversely, exceptions should be narrowly construed. (*Lacabanne Properties, Inc.* v. *Dept. Alcoholic Bev. Cont.* (1968) 261 Cal.App.2d 181, 189; 70 Ops.Cal.Atty.Gen. 92, 97 (1987).)[4]

The employees of Faircorp are not those of the county. It is concluded that such orders are applicable to the employees of Faircorp.[5]

*****

---

[4] Generally, the same rules of construction which apply to statutes govern the interpretation of administrative regulations. (*Geftakys* v. *State Personnel Board* (1982) 138 Cal.App.3d 844, 859.)

[5] This conclusion applies as well to contractors for charter as well as general law counties. (64 Ops.Cal.Atty.Gen. 234, 237-238 (1981).) In the latter opinion it was concluded that the prevailing wage law applies to those who contract with a county to conduct the county's refuse disposal landfill operations. Similarly, in 70 Ops.Cal.Atty.Gen. 92 (1987) it was concluded that the prevailing wage law applies to an engineering firm which contracts with a city to perform the duties of city engineer.

4

# APPENDIX "A"

Industry and Occupation Orders
Industrial Welfare Commission

| Order No. | Title 8, Sec. | Industry |
|-----------|---------------|----------|
| 1-80 | 11010 | Manufacturing |
| 2-80 | 11020 | Personal Service |
| 3-80 | 11030 | Canning, Freezing, Preserving |
| 4-80 | 11040 | Professional, Technical, Clerical, Mechanical, and related |
| 5-80 | 11050 | Public Housekeeping |
| 6-80 | 11060 | Laundry, Linen Supply, Dry Cleaning, Dyeing |
| 7-80 | 11070 | Mercantile |
| 8-80 | 11080 | Product Handling After Harvest |
| 9-80 | 11090 | Transportation |
| 10-80 | 11100 | Amusement and Recreation |
| 11-80 | 11110 | Broadcasting |
| 12-80 | 11120 | Motion Picture |
| 13-80 | 11130 | Preparing Agricultural Products For Market, On Farm |
| 14-80 | 11140 | Agricultural |
| 15-86 | 11150 | Household |

\*\*\*\*\*

86-1001